■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCARINCIO, Appellant. — Yesawich, Jr., J. Appeal, by permission, from an order of the County Court of Warren County (Moynihan, Jr., J.), entered February 27, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the third degree, after a hearing.

On April 19, 1982, a jury rendered a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. That conviction was affirmed by this court (95 AD2d 967) and leave to appeal to the Court of Appeals was denied (60 NY2d 707).

At trial, only two witnesses testified; a police chemist who identified the substance involved in the sale as cocaine and an undercover State Police officer who testified that he had purchased two grams of cocaine for $200 from Vicki Macero, defendant's girlfriend, and that, just prior to the transfer and sale, defendant, from another room, told Macero either "you go sell it to him" or "you go get it for him". The officer further stated that following the sale, Macero handed the $200 to defendant. Macero, who had pleaded guilty prior to defendant's trial and ultimately received five years' probation, was never called to testify either at the trial or at the CPL 440.10 hearing which underlies this appeal.

A police informant, Jennifer De Santis, accompanied the undercover officer at the time of the sale. Before trial, defense counsel interviewed her over the telephone. State Police officers, present with De Santis at the time, recorded that conversation; her recollection of the sale at that time incriminated the defendant. The prosecuting and defense attorneys stipulated at trial that she would not be called as a witness.

After defendant had been tried and convicted, De Santis was flown from Indiana back to New York in the company of one of defendant's relatives and with funds provided by them. Though she previously complained of threats made against her and her boyfriend by defendant, De Santis gave as a reason for her willingness to testify now that by truly describing her involvement in the sale she would thereby presumably avoid further harassment.

At the hearing on the CPL 440.10 motion, De Santis stated that her intense desire to avoid testifying at defendant's trial was what prompted her, in her interview with defense counsel, to misstate what she had observed, which was that the sale was made by Macero only, that defendant never said a word when the sale was consummated and that he never received the money. Moreover, she also asserted that the State Police officers who, with her consent, tape-recorded her telephone interview with defense counsel, suggested the answers (incriminating defendant) which she gave at that time in response to defense counsel's questions. Because De Santis' present version of the sale exculpates defendant, he moved pursuant to CPL 440.10 (1) (g) for an order vacating the judgment of conviction. County Court denied the motion after a hearing and defendant appeals.

Newly discovered evidence necessitates a new trial where, *inter alia,* the finder of fact concludes that its introduction at a new trial would probably change the verdict (*see, People v Powell,* 96 AD2d 610; *see also, People v Salemi,* 309 NY 208, *cert denied* 350 US 950). Here, the same Judge presided both at defendant's jury trial and at the CPL 440.10 hearing and, after pointedly noting that he had carefully evaluated De Santis' demeanor, concluded that: "this court remains wholly unconvinced that the subject testimony is of such a character as to create a probability that had such evidence been received at trial the verdict would have been more favorable to defendant." Evaluation of a witness's credibility is an area wherein the trier of fact is to be accorded great deference (*see, e.g., Matter of Van Alstyne v David Q.,* 92 AD2d 971, 972; *Yeo v Cornaire,* 91 AD2d 1153, *affd* 59 NY2d 875); nothing in De Santis' tape-recorded conversation with defense counsel or her testimony at the CPL 440.10 hearing inclines us to deviate from this salutary principle. That it is highly unlikely that De Santis' testimony at the postjudgment hearing would have produced a more favorable verdict is also apparent from the fact that it comes after two years of silence and threats by defendant and that what she now attests to does not square with statements previously given by her to both the prosecution's office and defense counsel.

Order affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.