■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH TAYLOR, Also Known as THOMAS ROBERTSON, Also Known as THOMAS ROBINSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered June 21, 1984, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL THOMAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered April 21, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The arresting officer testified at trial that on September 14, 1982, at about 5:00 P.M., he was on radio motor patrol on Winthrop Street in Brooklyn, when he and his partner observed a black male, whom he identified in court as the defendant, riding a motorcycle without a license plate. The officers turned on their lights and siren, but defendant accelerated away from them. During the ensuing chase, the officer saw a gun butt in defendant's rear pocket. Defendant was stopped, the gun was seized, and defendant was arrested.

Defendant testified he found a package, wrapped in newspaper, in the street, but did not open it as he was anxious to ride his friend's new motorcycle. He placed the one-foot square package in his rear pocket and got on the motorcycle. He had stopped the motorcycle at a light when the police questioned him concerning the missing license. The police then searched him, found the package, unwrapped it, and found the gun. The only other witness was a police ballistics expert who testified that both the gun and its ammunition were operable.

At trial, defense counsel sought to introduce the testimony of defendant's parole officer to impeach the credibility of the arresting officer. The parole officer would have testified that he spoke with the arresting officer shortly after defendant's arrest, and that the police officer described the events surrounding defendant's arrest in a slightly different fashion than he did at trial. This testimony was collateral to the ultimate issue before the jury, which was whether defendant knowingly possessed a gun, and bore only on the police officer's credibility. The admissibility of such evidence is entrusted to the sound discretion of the Trial Judge (see, People v Duncan, 46 NY2d 74, cert denied 442 US 910), and we find that under the present circumstances, there was no abuse of discretion. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.