■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. HILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered August 15, 1983, convicting him of attempted mur-

der in the second degree, rape in the first degree (two counts), sodomy in the first degree, assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the scope of cross-examination rests largely in the sound discretion of the trial court (see, People v Duffy, 36 NY2d 258, 263, mot to amend remittitur granted 36 NY2d 857, cert denied 423 US 861; People v Jackson, 124 AD2d 823). We find that the court's ruling, which limited the scope of cross-examination of the complainant, was within the exercise of its discretion.

The defendant's claims of prosecutorial misconduct are unpreserved for appellate review as no objection was made to the prosecutor's remarks in summation (CPL 470.05 [2]) and no objection was made to the curative instruction given by the court which is an indication that defense counsel was satisfied that any error had been cured (see, People v Irby, 112 AD2d 447). In any event, the prosecutor's comments did not deprive the defendant of a fair trial in view of the overwhelming evidence of guilt (see, People v Galloway, 54 NY2d 396; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

We also note that the sentencing court's imposition of consecutive sentences was proper inasmuch as the crimes for which the defendant stands convicted were separate and distinct acts (see, People v Brathwaite, 63 NY2d 839; People v King, 115 AD2d 563). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.