THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered August 26, 1986, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

In the early morning hours of September 3, 1985, Tracy Benjamin was a passenger on a bicycle being pedaled by his cousin Jeffrey Benjamin. They were riding on East 98th Street in Brooklyn when a police car pulled up behind them. The driver of the car opened his door, striking the rear wheel of the bicycle and propelling it into a pedestrian. The driver then closed his door and the police car sped off. Although Tracy Benjamin subsequently identified Officer Michael Fina as the driver of the car which hit him, it was the defendant who was ultimately charged with several crimes in connection with the accident.

At trial, Officer Fina and his partner Anthony Favara testified that shortly after the incident the defendant admitted that he had been driving in the area of the accident when his car door accidentally opened, but that he did not think that it hit anyone. Officer Joey Morales, who had been the defendant's partner on the night of the incident, testified that he

did not see any accident because he was making entries in his memo book but he heard what sounded like a car door slamming. Just prior to this he had noticed two black youths on a bicycle just slightly ahead and on the driver's side of the patrol car. Later that morning, when news of the accident began circulating among the officers, Morales asked the defendant "Did you hit the kids?" to which he responded "Yes, I opened the door at them because they cursed at me."

The defendant testified in his own behalf and admitted that he had been driving on the street where the accident occurred and had noticed the bicycle on which Tracy and Jeffrey Benjamin were riding. He alleged that when he passed them, his car door accidentally opened but he was not aware that it had hit anyone. Although charged with three counts of assault in the second degree, leaving the scene of an accident and reckless endangerment in the second degree, the defendant was convicted only of reckless endangerment.

At trial, defense counsel spent an extensive amount of time cross-examining Dennis Clarke, who was the pedestrian struck by the bicycle after it was hit by the police car. Clarke testified that he was standing beside a parked car waiting to cross the street when he saw an approaching car traveling at high speed. As the car neared him its door opened and he observed a police emblem on it. At that point he noticed the bicycle carrying the Benjamins also approaching him. The next thing he knew he was struck by the bicycle and he assumed it was because the car door hit the bicycle. On cross-examination, the defense questioned Clarke regarding his movements before he was struck by the bicycle and his ability to see the police car and bicycle as they approached him. This questioning, which went on for some time, was finally stopped by the court when it became clear that the only purpose was to confuse the witness. Considering the extent and scope of cross-examination which the trial court had allowed up to that point, we cannot consider its decision to limit and finally terminate the examination of Clarke to be an abuse of discretion (see, People v Duffy, 36 NY2d 258, 262-263, mot to amend remittitur granted 36 NY2d 857, cert denied 423 US 861; People v Hill, 134 AD2d 520, lv denied 70 NY2d 1007; People v Jackson, 124 AD2d 823). Neither was it error for the court to refuse to allow the defense to question Clarke with regard to certain statements he had given an Assistant District Attorney the day after the accident since a review of those statements reveal that they were not inconsistent with Clarke's trial testimony (see, People v Duncan, 46 NY2d 74, 80, rearg

*denied* 46 NY2d 940, *cert denied* 442 US 910; *People v Thomas,* 116 AD2d 678, *lv denied* 67 NY2d 890).

The defendant also contends that the court should have permitted him to introduce hearsay statements regarding his failure to come forward to make a statement after the accident. He claims that he was prevented from doing so by the instructions of Police Benevolent Association delegates and attorneys. While these instructions may have been relevant to the defendant's state of mind with regard to his failure to come forward with information, they were not relevant to any material issue regarding the accident itself or a defense raised *(see, People v Minor,* 69 NY2d 779; *People v Felder,* 37 NY2d 779; *People v Valentin,* 130 AD2d 529, *lv denied* 70 NY2d 658; *People v Etheridge,* 71 AD2d 861). Therefore, it was not error for the court to preclude their use.

Finally, we have reviewed the defendant's arguments that his guilt was not established beyond a reasonable doubt and that his conviction was based on legally insufficient evidence. Reviewing the evidence in a light most favorable to the People we find that it was legally sufficient to support the conviction *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.