■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY SEARS WATSON, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress the statement he made to the police. We find no basis to disturb the court's finding that defendant was not in custody when the statement was made.

Contrary to defendant's contention, the trial court did not erroneously preclude defense counsel from impeaching a prosecution witness by inquiring into prior bad acts. The court properly sustained the objection to defense counsel's question whether the witness was fired because his employer felt that he had been stealing from the cash register. What the employer felt is not competent proof of a bad act. The court properly exercised its discretion in precluding inquiry into a prior conviction for disorderly conduct because, in its opinion, that violation was not probative of the witness's credibility (see, People v King, 141 AD2d 563, lv denied 72 NY2d 958; People v Morales, 135 AD2d 742, lv denied 71 NY2d 900).

Objections to other questions were sustained because the questions were in improper form.

Lastly, the trial court was justified in denying defendant's motion to set aside the verdict on the grounds of newly discovered evidence because, after a hearing, it found that the newly discovered evidence was not believable *(see, People v Penoyer,* 72 NY2d 936). (Appeal from judgment of Monroe County Court, Wisner, J.—robbery, first degree, and other charges.) Present—Doerr, J. P., Denman, Boomer, Balio and Lawton, JJ.