■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PAPA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered March 22, 1985, convicting him of criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court improperly admitted into evidence the tape recording of an undercover narcotics transaction containing the statements of a nontestifying accomplice. We disagree. Contrary to the defendant's contentions, the statements in question were admissible against him pursuant to a recognized exception to the hearsay rule, i.e., as statements of a coconspirator made in the course and in furtherance of the conspiracy *(see, People v Sanders,* 56 NY2d 51; *People v Salko,* 47 NY2d 230; *People v Hodge,* 141 AD2d 843). We note that the People established by prima facie proof the existence of a conspiracy between the declarant and the defendant "without recourse to the declarations sought to be introduced" *(People v Salko, supra,* at 238; *see, People v Bisnett,* 144 AD2d 567; *People v Herman,* 133 AD2d 377).

We also reject the defendant's argument that the recording was improperly admitted into evidence on the ground of inaudibility. The law is well settled that a recording will be excluded only if it is so inaudible and unintelligible that a jury must speculate as to its contents *(see, People v Ely,* 68 NY2d 520; *People v Carrington,* 151 AD2d 687; *People v Morgan,* 145 AD2d 442; *see also, People v Lubow,* 29 NY2d 58, 68; *People v Carrasco,* 125 AD2d 695). Upon our own review of the audio tape, we are in agreement with the determination of the trial court that the recording is both audible and intelligible and, therefore, was properly admitted into evidence. Further, the court did not err in providing a transcript of the recording to the jury as an aid in listening to the tape *(see, People v Lubow, supra; People v Mincey,* 64 AD2d 615).

We have reviewed the defendant's remaining contentions, including those set forth in his supplemental *pro se* brief, and

find them to be either unpreserved for appellate review or lacking in merit. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.