■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR D. CHAIRES, Appellant.—Mahoney, P. J. Appeal from

a judgment of the County Court of Schenectady County (Intemann, Jr., J.), rendered November 15, 1988, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant appeals his conviction of fourth degree criminal possession of a controlled substance stemming from the events of July 30, 1987 during which defendant, while in the presence of an undercover State Police investigator, sniffed cocaine and was involved in the sale of approximately seven grams of cocaine.

We affirm. Defendant's argument that he was denied due process by County Court's rulings regarding various evidence offered by defendant to support the defense of entrapment is rejected. The record demonstrates that defendant was not prevented from introducing any *relevant* evidence of his own motive or any methods allegedly used by the police to specifically induce him to commit the crime *(see, People v King,* 141 AD2d 563, 565, *lv denied* 72 NY2d 958). Indeed, we would note that defendant's entrapment defense, which argued that defendant was induced to commit the criminal conduct, was undermined by his inconsistent testimony that he was voluntarily engaged in such conduct as part of an extemporary undercover investigation as an officer of the Schenectady Police Department. In any event, County Court did give a jury charge on entrapment *(see, People v Butts,* 72 NY2d 746) and we find that the evidence pertaining to defendant's prior investigations as a police officer, as well as his union membership and any administrative disciplinary proceedings, were not relevant and thus properly excluded *(see, People v King, supra).*

We also reject defendant's contention that he was denied a fair trial by the introduction into evidence of an uncharged crime. At trial, the undercover State Police investigator testified to a conversation subsequent to July 30, 1987 during which defendant "stated at that time that he would sell the cocaine to me". Upon defense counsel's motion for a mistrial, County Court admonished the jury not to consider the testimony. We initially note that evidence of subsequent uncharged crimes may be admissible to rebut the defense of entrapment by establishing the defendant's predisposition *(see, People v Calvano,* 30 NY2d 199, 203-206). Furthermore, given the context of the statement and the existence in the record of previous unobjected to cumulative testimony regarding a subsequent sale, we find that defendant was not denied a fair trial *(see, People v Veale,* 169 AD2d 939).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.