■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ACEVEDO, Appellant. [596 NYS2d 151] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 11, 1986, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, acting in concert with Edwin Quinones and Laura Valentine, agreed to sell 1,000 bags of heroin to two undercover police officers in Brooklyn. The price was $12,000. The transaction occurred on December 24, 1984, but only 962 bags were given to the undercover officers. On January 23, 1985, the undercover officers, accompanied by Edwin Quinones, drove around Brooklyn looking for the defendant, who had promised to make up the 38-bag shortfall. On January 29, 1985, police officers arrested the defendant at his home.

The defendant contends that the trial court improperly admitted into evidence allusions to prior drug transactions of the nontestifying codefendant Edwin Quinones involving another drug supplier, as well as tape recordings of Edwin Quinones's January 23, 1985, discussions with the two undercover officers regarding both these prior transactions and the 38 bags of heroin missing from the defendant's December 20, 1984, delivery. Contrary to the defendant's contentions, the tape-recorded statements were admissible against him pursu-

ant to a recognized exception to the hearsay rule, i.e., as statements of a coconspirator made in the course and in furtherance of the conspiracy to sell large quantities of narcotics to the two undercover officers *(cf., People v Sanders,* 56 NY2d 51; *People v Malagon,* 50 NY2d 954; *People v Salko,* 47 NY2d 230; *People v Papa,* 168 AD2d 692). We note that the People established by prima facie proof the existence of a conspiracy between the declarant and the defendant "without recourse to the declarations sought to be introduced" *(People v Salko, supra,* at 238; *People v Papa, supra,* at 692). In addition, the tape-recorded conversation of January 23, 1985, occurred in the course of the accomplice's efforts to locate the defendant for the purpose of completing the sale of 1,000 bags of heroin, with the result that it took place in the course and in furtherance of the conspiracy to finalize the December 20, 1984, narcotics transaction.

The evidence regarding the accomplice's other supplier was properly admissible to disprove the codefendant's agency defense *(see, People v Calvano,* 30 NY2d 199; *People v Rosario,* 122 AD2d 85), as well as to establish the elements of intent, knowledge, and common scheme or plan *(see, People v Alvino,* 71 NY2d 233, 241-242; *People v Lewis,* 69 NY2d 321; *People v Jackson,* 39 NY2d 64; *People v Molineux,* 168 NY 264). Since the introduction of the evidence of the codefendant's prior dealings with the undercover officers did not have as its sole purpose demonstrating the defendant's propensity toward crime *(People v Alvino, supra,* at 241-242; *People v Molineux, supra),* it was properly admitted as more probative than prejudicial—which the trial court determined in a proper exercise of its discretion *(see, People v Alvino, supra,* at 242; *People v Sims,* 110 AD2d 214). We note that the People's witnesses minimized any potential for prejudice by emphasizing that the defendant had nothing to do with Wilson Quinones's drug operation, and that Wilson Quinones's drug operation had nothing to do with the defendant's December 20, 1984, heroin sale. In addition, the court carefully instructed the jury that it could consider the codefendant's prior narcotics transactions *only* in the context of determining whether Edwin Quinones had acted on his own behalf in the crimes charged, or whether he had been acting merely as an agent of the undercover officer.

There is no merit to defendant's claim that he was entitled to a severance based on the damaging effect of his accomplice's statements recorded on January 23, 1985. As previously noted, Edwin Quinones's statements were admissible against

the defendant as statements of a coconspirator, and the statements would have been admissible against the defendant even if the trial had been severed. Severance is only compelled where the core of one defense is in irreconcilable conflict with the other, and where there is a significant danger "that the conflict alone would lead the jury to infer defendant's guilt" *(People v Mahboubian,* 74 NY2d 174, 184; CPL 200.40). That is not the case here.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Miller and Pizzuto, JJ., concur.