■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE CARMONA, Appellant. [607 NYS2d 264] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered January 23, 1991, convicting defendant of criminal sale of a controlled substance in the second degree, upon a guilty plea, and sentencing him to a term of 6 years to life imprisonment, unanimously affirmed.

Order of the same court and Justice entered August 12, 1991, denying defendant's *pro se* motion to vacate judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

There is no merit to defendant's claim that he was denied effective assistance of counsel because of his assigned counsel's failure to move for a severance where he was charged with one count in a seven count indictment. First, defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request such relief *(see, People v Rivera,* 71 NY2d 705, 709). Secondly, a severance was not compelled herein as defendant's core defense was not demonstrated to be in irreconcilable conflict with that of his codefendants, and there was no significant danger "that the conflict alone would lead the jury to infer defendant's guilt" *(People v Mahboubian,* 74 NY2d 174, 184; *People v Acevedo,* 192 AD2d 614, *lv denied* 82 NY2d 750). Here, the proof of defendant's one time involvement in an ongoing narcotics scheme was to be supplied by the same evidence as inculpated codefendants, and a joint trial would not have prevented

defendant from asserting that he was merely an innocent onlooker *(People v Simms,* 176 AD2d 833, 833-834, *lv denied* 79 NY2d 832). Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.