■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC T. DAWKINS, Appellant. [611 NYS2d 726] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to set aside the verdict on the ground of newly discovered evidence. Supreme Court, having been presented with conflicting affidavits and testimony from a confidential informant, was justified in finding that the newly discovered evidence was not credible and would not "create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; see, People v Rodriguez, 193 AD2d 363, 366, lv denied 81 NY2d 1079; People v Watson, 152 AD2d 954, 955, lv denied 74 NY2d 900; see also, People v Scarincio, 109 AD2d 928, 929).

Defendant further contends that he was denied a fair trial by the prosecutor's misconduct during cross-examination of defense witnesses, in introducing rebuttal testimony, and during summation. The majority of the alleged errors have not been preserved for our review (see, CPL 470.05 [2]), and we decline to consider them as a matter of discretion in the interest of justice (see, CPL 470.15 [6]). Additionally, defendant's contention that the People improperly adduced rebuttal testimony concerning collateral matters for the sole purpose of impeaching the credibility of a defense witness (see, People v Schwartzman, 24 NY2d 241, 245-246, cert denied 396 US 846) is unpreserved because defense counsel failed to object upon the ground now raised (see, People v Osuna, 65 NY2d 822, 824; People v Cooper, 147 AD2d 926, lv denied 74 NY2d 738).

Defense counsel, however, did preserve for review the prosecutor's questioning of a defense witness concerning whether she had been charged with a crime (see, People v Cook, 37 NY2d 591, 596), the prosecutor's reference to a matter not in evidence (see, People v Wright, 41 NY2d 172, 175), and the prosecutor's use of the term "smokescreen" (see, People v Clark, 195 AD2d 988, 990). Because those errors were not so egregious or prejudicial as to deprive defendant of a fair trial, reversal is not warranted (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Widger, 126 AD2d 962). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.