THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK D. McCUNE, Appellant. [621 NYS2d 246] —Judgment unanimously affirmed. Memorandum: Defendant was charged, in indictment No. 93-059, with two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) arising out of defendant's sale of cocaine to an undercover police officer in January 1992. Defendant was subsequently charged, in indictment No. 93-234, with one count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [10]), one count of criminal possession of marihuana in the third degree (Penal Law § 221.20), two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and one count of unlawful possession of marihuana (Penal Law § 221.05) arising out of the seizure of cocaine and marihuana from defendant's person pursuant to a search warrant.

The contention of defendant that County Court erred in granting the People's motion to consolidate the two indictments is without merit. Here, joinder was a proper exercise of judicial discretion (see, *People v Freeman,* 41 AD2d 811). Even though based upon different criminal transactions, the offenses are the "same or similar in law" (CPL 200.20 [2] [c]). Further, defendant made no showing that there was "[s]ub-

stantially more proof on one or more [of the] joinable offenses than on others and [that] there [was] a substantial likelihood that the jury would be unable to consider separately the proof as it relat[ed] to each offense" (CPL 200.20 [3] [a]). "[T]he evidence regarding each incident was separately presented, uncomplicated and easily segregable in the mind of the jury [citations omitted]" *(People v Hendricks,* 192 AD2d 552, 553, *lv denied* 81 NY2d 1073).

The further contention of defendant that he would be unable to raise an entrapment defense to the offenses charged in the sale indictment by a joinder of the subsequent possession offenses in the second indictment is also meritless. If the indictments had been tried separately, the prosecutor could have raised the subsequent drug possession arrest in response to a defense of entrapment "to rebut the defense of entrapment by establishing defendant's predisposition" *(People v Chaires,* 171 AD2d 955, 956, *lv denied* 78 NY2d 963, citing *People v Calvano,* 30 NY2d 199, 203-206; *see, People v Acevedo,* 192 AD2d 614, 615, *lv denied* 82 NY2d 750). Thus, defendant failed to demonstrate that consolidation would prejudice his right to a fair trial.

The court erred in denying defendant's request for a missing witness charge because of the People's failure to call as a witness the confidential informant who prearranged one of the controlled drug buys. The confidential informant and the State Police officer who actually bought the cocaine were the only persons present when the sale was arranged. Thus, defendant met his burden of showing that the confidential informant was knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party *(see, People v Gonzalez,* 68 NY2d 424, 427; *People v Kitching,* 78 NY2d 532, 537-538). The error is harmless, however, because the proof of defendant's guilt is overwhelming and there is no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Defendant's remaining contention is without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.