Anthony PAPA, Petitioner,

v.

John P. KEANE, Superintendent of Sing Sing Correctional Facility, Respondent.

No. 94 Civ. 3472 (PKL).

United States District Court, S.D. New York.

March 16, 1995.

mitted without visas.

Daniel A. Freeman, New York City.

Jeanine Pirro, Judith D. Schultz, Joseph M. Latino, Dist. Atty. of Westchester County, White Plains, NY. ·

### *MEMORANDUM ORDER*

LEISURE, District Judge:

This is a § 2254 petition. Petitioner is Anthony Papa ("Papa"). He contends that he is entitled to habeas corpus relief on the grounds that out-of-court statements of his co-conspirator were admitted against him at trial in violation of his federal constitutional right to confrontation and that he received ineffective assistance of counsel on direct appeal from his conviction. This Court referred the petition to Magistrate Judge Barbara Lee for a Report and Recommendation (the "Recommendation"). Judge Lee recommended that the petition be denied. Papa filed timely objections to the Recommendation (the "Objections"). This Court has conducted a *de novo* review of the record and, for the reasons stated below, finds that the petition must be denied.

■ The first ground that Papa asserts in support of his claim for habeas relief is that his federal constitutional right to confrontation, as elaborated in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), was violated when out-of-court statements of his co-conspirator, Anthony Kraisky ("Kraisky"), were admitted against him at trial, despite the fact that Kraisky was "available" to testify at trial. Papa argues that, under *Roberts*, Kraisky's out-of-court statements were inadmissible against him absent a showing by the State that Kraisky was "unavailable" to testify at trial. This argument is without merit. The Supreme Court squarely held in *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), that the Confrontation Clause does not require the state to demonstrate that a co-conspirator is unavailable to testify at trial in order to admit against a defendant the co-conspirator's out-of-court statements made during the course, and in furtherance, of the conspiracy. *See also Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

■ Papa argues that *Inadi* is not controlling here because it was decided March 10, 1986, after he was convicted on March 22, 1985. This argument is also without merit. Assuming *arguendo* that *Inadi* made new law in holding that unavailability was not a constitutional prerequisite to the admission of co-conspirator statements, Papa's conviction did not become "final" for retroactivity purposes until, at the earliest, March 27, 1991, when the Court of Appeals denied him

leave to appeal. *See Caspari v. Bohlen,* —— U.S. ——, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.") (citations omitted). And " 'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final.' " *Powell v. Nevada,* —— U.S. ——, ——, 114 S.Ct. 1280, 1283, 128 L.Ed.2d 1 (1994) (quoting *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). As a result, the Appellate Division's December 31, 1990 affirmance of Papa's conviction on direct appeal, over his federal Confrontation Clause challenge,[1] was entirely proper under *Inadi* and *Griffith.* Because there is no question that *Inadi* was the law of the land when Papa's conviction became final and is so today, Papa's present collateral attack on his conviction on federal Confrontation Clause grounds necessarily must fail.

 The second ground that Papa asserts in support of his claim for habeas relief is that he received ineffective assistance of counsel on direct appeal from his conviction. Papa argues that his lawyer on direct appeal unreasonably devoted only a single sentence in his brief to Papa's federal and state confrontation clause arguments, that the lawyer unreasonably failed to submit a reply brief presenting these arguments, and that the lawyer unreasonably waived oral argument on Papa's appeal. But to prevail on his ineffective assistance of counsel claim, Papa must show that: "(1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'but for counsel's unpro-

fessional errors, the result of the proceeding would have been different.' " *U.S. v. Aiello,* 900 F.2d 528, 532 (2d Cir.1990) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Papa cannot make the requisite showing.

Assuming *arguendo* that his appellate counsel's conduct fell below an objective standard of reasonableness, Papa cannot establish that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Papa, with leave of the Appellate Division, filed a *pro se* reply brief, *see* Appellant's Pro–Se Reply Brief (citing *People v. Sanders,* 56 N.Y.2d 51, 451 N.Y.S.2d 30, 436 N.E.2d 480 (Ct.App.1982); *People v. Persico,* 157 A.D.2d 339, 556 N.Y.S.2d 262 (1st Dept.1990)) (included in Exhibit A to Reply Memorandum of Law and Exhibits in Support of Petition for A Writ of Habeas Corpus), which clearly and effectively presented the state confrontation clause issue.[2] The Appellate Division nevertheless rejected Papa's arguments. *See People v. Papa,* 168 A.D.2d 692, 692–93, 563 N.Y.S.2d 515, 516 (2nd Dept.1990). This Court therefore cannot conclude that, if Papa's appellate counsel had more expansively pursued the state confrontation clause issue himself, the result of Papa's direct appeal would have been different.

### Conclusion

Papa's petition is HEREBY DENIED.

**SO ORDERED.**

---

1. Papa's appellate counsel presented Papa's federal and state confrontation clause arguments in a single sentence of his brief on direct appeal. Papa, with leave of the Appellate Division, later filed a *pro se* reply brief, which raised the federal and state confrontation clause arguments at much greater length. The Appellate Division rejected these arguments. *See People v. Papa,* 168 A.D.2d 692, 692–93, 563 N.Y.S.2d 515, 516 (2nd Dept.1990).

2. Although Papa filed his reply brief *pro se,* the quality of the brief's presentation and analysis of the record and authorities is easily equal to or better than that of many briefs filed by counsel representing criminal defendants in this Court. Indeed, had Papa's appellate counsel filed the same reply brief on Papa's behalf, the Court would have found that Papa had badly failed to satisfy the first prong of the *Strickland* test (that counsel's conduct fell below an objective standard of reasonableness), rather than the second.