OPINION OF THE COURT
Wayne A. Feeman, Jr., J.
Introduction
Defendants Jack Brown and Michael Rochester, representing themselves, have appealed to the County Court from judgments of conviction and sentences imposed by the Town Court of the Town of Ward, following a nonjury trial, for violation of Local Laws, 1990, No. 1 of the Town of West Almond (Local Law), commonly referred to as the Town’s "Junkyard-Landfill Law”. The cases, jointly tried, were prosecuted by West Almond Town Attorney William W. Pulos, the draftsman of the Local Law.
Although the properties in question are located within the geographical limits of the Town of West Almond, the cases were transferred by the County Court to the Town Court of the Town of Ward, on motion of Mr. Pulos, after the sole Justice of the Town Court of the Town of West Almond disqualified himself from hearing the trials. Such decision to disqualify himself followed a request by Mr. Pulos for the recusal of the West Almond Town Justice, on the alleged ground of bias and prejudice on the part of that Justice toward Mr. Pulos.
On these companion appeals, the defendants contend on alternatively alleged constitutional, legal, factual and ethical grounds that the convictions must be vacated.
The first issue the court will address is whether defendants Brown and Rochester were entitled to a jury trial. The town prosecutor argues that they were not.
Analysis
Clearly, the issue of entitlement to a jury trial was preserved by the defendants for appellate review. At the threshold of the proceedings in the Town Court, and well before a prosecution *268 witness was called by Mr. Pules to testify, the defendants affirmatively and unequivocally asked for a trial by jury. Mr. Fulos opposed their request, opining that they were not entitled to a jury trial, and the presiding Justice, a nonattorney, ruled against the defendants on the issue. Thereafter, a nonjury, or "bench”, trial was conducted, which culminated in the convictions now appealed.
Although it is not apparent, from the record, who prepared the informations, that is, the accusatory instruments upon which the charges were prosecuted, the informations expressly identify the level of the Local Law offense as a "violation”. The alternative terms, "misdemeanor” and "felony”, are deleted by typewritten "X”es on the face of the informations. Moreover, although the town prosecutor made a motion during the pendency of the case to amend other parts of the informations, he did not, at that time or subsequently, request a change of the term "violation” to the term "misdemeanor” on the face of the informations.
In concurring with the town prosecutor and denying the request for a jury trial, the Town Justice explained his ruling by stating that the Local Law offense was a "violation”. The town prosecutor, at the time the ruling was made, did not manifest any disagreement with the Town Court’s statement. Under New York law, while a "violation” is a noncriminal offense, a "misdemeanor” or a "felony” is a criminal offense (see, CPL 1.20 [39]; 1996 Graybook, Criminal Law, Sentencing Outline, SO-72 [Bender Pamph ed]).
The court concludes that the town prosecutor committed prejudicial, material, and "non-harmless” error by affirmatively representing to the presiding Justice that the defendants were not entitled to trial by jury.
Both the prosecutor and the Town Justice unfortunately overlooked the provisions of Penal Law § 55.10.
In pertinent part, subdivision (2) (c) of Penal Law § 55.10 specifically provides: "where an offense is defined outside this chapter and a sentence to a term of imprisonment in excess of fifteen days but not in excess of one year is provided in the law or ordinance defining it, such offense shall be deemed an unclassified misdemeanor.” (Emphasis added.)
By use of the term "ordinance” it is clear that the State Legislature intended the classification of offenses set forth in Penal Law § 55.10 to extend to municipal, as well as to State offenses.
*269 Continuing its analysis, the court notes that the provisions of subdivision (3) (a) of Penal Law § 55.10 relating to the "violations” manifestly "cap” such offenses, for definitional purposes, at laws or ordinances for which the authorized sentences include "a term of imprisonment which is not in excess of fifteen days”. In other words, because of these provisions in the State Penal Law, if the particular municipal offense authorizes a term of imprisonment of less than 1 year but more than 15 days it is not a "violation” in the strict sense but rather a "misdemeanor”.
West Almond’s Local Law, which, again, was drafted by Mr. Pulos himself, plainly authorizes a sentence of imprisonment of 30 days. Consequently, although contravention of the Local Law is "merely” a municipal offense, it is a misdemeanor, nonetheless, and not a mere violation.
The fact that part IV, § 4 of the Local Law itself purports to make contravention of part III (A) of the Local Law a "violation” does not alter the court’s conclusion. The attempted "minimization” of the de facto level of the offense is ineffective, based upon preemption by the State law (i.e., Penal Law § 55.10 [2] [c]). By authorizing a jail term of up to 30 days but attempting to call the offense a mere violation, the Local Law, in a sense, is self-contradictory and internally inconsistent.
This is an issue of more than mere semantics. If the offense subjects the accused to a possible jail term in excess of 15 days — which the Local Law in question does — the offense may not be deemed a mere violation (i.e., a non-"crime”). A municipality is not permitted to deprive a defendant of the statutory right to a jury trial by simply labeling a misdemeanor-level offense a "violation”. It is the possible sentence that defines the level of offense; it is not the municipality’s verbal denomination of the offense that defines the level.
Referring to subdivision (3) (b) of Penal Law § 55.10, which provides a "grandfather clause” for laws or ordinances existing prior to the effective date of the Penal Law, the court reiterates that the current critical "imprisonment criterion” for violations is 15 days or less.
UJCA 2001 (2) incorporates by reference the CPL. In turn, CPL 340.40 (2) mandates a jury trial for informations which charge a misdemeanor unless the accused person affirmatively waives a jury trial and consents to a single Judge trial.
By virtue of CPL 320.10 (2), such a waiver of a trial by jury "must be in writing and must be signed by the defendant in *270 person in open court in the presence of the court, and with the approval of the court” — none of which steps occurred in the instant cases (see also, People v Page, 88 NY2d 1).
West Almond’s Local Law, being penal in nature, must be strictly and narrowly construed, that is, strictly construed against the party seeking its enforcement and in favor of the persons being proceeded against (see, by analogy, McKinney’s Cons Laws of NY, Book 1, Statutes § 271; see also, People v Farone, 308 NY 305, cert denied 350 US 828). Such construction is fortified in this particular case by the traditional principle that a document, in the case of ambiguity, if there is ambiguity, is to be construed "against the drafter” (see generally, 22 NY Jur 2d, Contracts, § 260; Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321, 326).
It is incumbent upon the trial court and the prosecuting attorney, as well as upon the defendant himself, to be ever mindful of the inherent perils, disadvantages, and risks of self-representation, that is, of proceeding in a criminal case without the benefit of formally trained, experienced, professional defense counsel (People v Cabassa, 79 NY2d 722, cert denied sub nom. Lind v New York, 506 US 1011).
In People v Steadman (82 NY2d 1, 7) the New York Court of Appeals reiterated: "Prosecutors occupy a dual role as advocates and as public officers and, as such, they are charged with the duty not only to seek convictions but also to see that justice is done. In their role as public officers, they must deal fairly with the accused and be candid with the courts”. (See also, CPL 1.20 [31]; People v Dzeloski, 161 Misc 2d 867, 868 [Sup Ct, Bronx County 1994], citing People v Lancaster, 69 NY2d 20, 26.)
The court concludes that the town prosecutor was incorrect in representing to the trial court that these defendants— particularly in view of their pro se status — were not entitled to a trial by jury. By effectively thwarting the defendants’ statutory right to a jury trial, the town prosecutor committed error that was prejudicial to the defendants and was not harmless (cf., People v Dawkins, 203 AD2d 957 [4th Dept 1994], lv denied 84 NY2d 824; People v Webster, 151 AD2d 989 [4th Dept 1989], lv denied 74 NY2d 821).
The United States Supreme Court, in United States v Bagley (473 US 667, 675), wrote: "The Court has recognized * * * that the prosecutor’s role transcends that of an adversary: he 'is the representative not of an ordinary party to a controversy, but of a sovereignty ... whose interest ... in a criminal prosecution is not that it shall win a case, but the justice shall be done.’ ”
*271 In view of the ramifications, under New York State law, of the distinction between a violation and a misdemeanor, the town prosecutor’s oversight in the instant case is distinguishable from those misstatements of the law by prosecutors in Federal cases which were found improper but legally inconsequential (cf., Rodriquez v Peters, 63 F3d 546 [7th Cir 1995]; United States v Gonzales, 58 F3d 506 [10th Cir 1995]). Under New York law, the distinction between a violation and a misdemeanor is a crucial distinction between a petty offense, on the one hand, and a crime, on the other (see, Penal Law § 10.00 [6]).
At a minimum and especially in view of the fact that the defendants were defending themselves without the benefit of legal counsel, the town prosecutor had an obligation to alert the Trial Justice, himself a nonattorney, to the provisions of Penal Law § 55.10 (2) (c).
Generally, actions by a prosecutor which deprive a defendant of his or her right to a jury trial are scrutinized and disfavored (People v Rodriguez, 124 Misc 2d 393 [Crim Ct, Bronx County 1984]).
The court adds, too, that the United States Supreme Court has underscored the recognized basis for giving an accused person a jury trial should he or she choose: "[T]he primary purpose of the jury is to prevent the possibility of oppression by the Government; the jury interposes between the accused and his accuser the judgment of laymen who are less tutored perhaps than a judge or panel of judges, but who at the same time are less likely to function or appear as but another arm of the Government that has proceeded against him.” (Baldwin v New York, 399 US 66, 72.)
As the court rules in favor of the defendants on the threshold, critical issue of entitlement to a jury trial, the court need not address the other contentions made by the defendants on their appeal, including the alleged issues of violation of due process; selective prosecution; and communication between the town prosecutor and the trial court outside the presence of the defendants.
Pursuant to CPL 470.15 and 470.20 the sentences must be vacated and the convictions must be reversed upon the law, as a result of prosecutorial error and as a matter of preemptive statutory mandate. There must be a new trial of the accusatory instruments and the case must be remitted accordingly.