■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CALVIN L. HARRIS, Respondent. [865 NYS2d 386]—

Malone Jr., J. Appeals (1) from an order of the County Court of Tioga County (Smith, J.), entered October 26, 2007, which partially denied the People's motion to reopen a previous hearing, and (2) from an order of said court, entered November 2, 2007, which granted defendant's motion pursuant to CPL 330.30 to set aside the verdict following his conviction of the crime of murder in the second degree.

Following the September 11, 2001 disappearance of Michelle Harris, defendant's estranged wife, defendant was charged with murder in the second degree. A jury found defendant guilty of the charge after a lengthy trial in May 2007. Within hours after the verdict was rendered, Kevin Tubbs contacted defense counsel and indicated that he possessed information that he believed was relevant to the victim's disappearance. Specifically, Tubbs claimed that he had seen the victim and another male individual at the end of the Harris driveway at approximately 5:30 A.M. on September 12, 2001, which was several hours after the People had theorized at trial that defendant had murdered the victim and disposed of her body. Based on Tubbs's claim, and the corroborating testimony of Tubbs's parents, defendant

moved prior to sentencing to set aside the verdict pursuant to CPL 330.30, alleging that the information constituted newly discovered evidence. After a hearing was held on the motion, the People moved to reopen the evidence based on, among other things, its discovery of information to impeach the hearing testimony of Tubbs and his parents. By order entered October 26, 2007, County Court partially granted the motion, allowing additional evidence as to certain limited issues. Thereafter, by order entered November 2, 2007, County Court granted defendant's motion to set aside the verdict and ordered a new trial. The People now appeal from both orders.[1]

We do not find that County Court abused its discretion in determining that the evidence offered by defendant was newly discovered and of such a character as to create a probability of a more favorable outcome had it been presented at trial (*see* CPL 330.30 [3]; *People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Lackey*, 48 AD3d 982, 983 [2008], *lv denied* 10 NY3d 936 [2008]; *see also People v Santos*, 306 AD2d 197, 198 [2003]). It was the People's theory at trial that defendant had at least eight hours to kill the victim, clean up the crime scene and dispose of her body before he called the babysitter, who arrived a little after 7:00 A.M. Tubbs's testimony, had it been presented at trial and credited by the jury, would have served to undermine the People's theory inasmuch as it would have established that a woman matching the victim's description was observed in the company of an unidentified male several hours after the time that the People argued that defendant had killed her, leaving defendant less than two hours to commit the crime and dispose of the body.[2] As such, Tubbs's testimony is material evidence that is not merely cumulative, nor does it serve to simply impeach other trial evidence. Moreover, it is uncontroverted in the record that Tubbs did not come forward with this information until after the verdict was rendered and the People conceded at the hearing that it was not discoverable by defendant prior to trial, even with the exercise of due diligence (*see* CPL 330.30 [3]). Although the People contend that Tubbs's testimony was so patently incredible that there is no chance that it would have resulted in a more favorable verdict, such credibility determination, at the hearing, is within the province of County Court, which had the unique op-

---

1. The People's appeal from the October 2007 order must be dismissed as such appeal is not authorized by CPL 450.20. However, the propriety of County Court's October 2007 order is nevertheless reviewable by this Court upon the People's appeal from the November 2007 order granting defendant's motion to set aside the verdict (*see* CPL 470.15 [1]).

2. The body of defendant's wife has not been found.

portunity to not only observe Tubbs's demeanor at the hearing, but it also heard and saw the totality of the purely circumstantial evidence presented by the People against defendant earlier at trial (*see People v Penoyer*, 135 AD2d 42, 44 [1988], *affd* 72 NY2d 936 [1988]; *People v Scarincio*, 109 AD2d 928, 929 [1985]).

Nor do we find error in County Court's exercise of discretion to limit the scope of the reopened hearing. The People were afforded a full and fair opportunity to present evidence at the original hearing (*see People v Havelka*, 45 NY2d 636, 643-644 [1978]; *People v Somerville*, 283 AD2d 596, 596 [2001], *lv denied* 96 NY2d 942 [2001]) and, as such, County Court properly limited the People's presentation of evidence at the rehearing to purported statements made by Tubbs and his father after the hearing, which arguably cast doubt on the veracity of their testimony. County Court properly denied the People's motion as to the remainder of the People's proffered evidence inasmuch as it was only of an impeaching nature that could have been presented at the original hearing.

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the appeal from the order entered October 26, 2007 is dismissed. Ordered that the order entered November 2, 2007 is affirmed.

