**Omar Alberto HERNANDEZ, Petitioner,**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent.**

No. 15–60067.

United States Court of Appeals, Fifth Circuit.

May 4, 2016.

Martha Elva Garza, Esq., Garza & Associates, Bellaire, TX, for Petitioner.

Stefanie Notarino Hennes, Trial Attorney, Margot Lynne Nadel Carter, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:

Petitioner Omar Alberto Hernandez, a citizen of Mexico, was determined ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C) after an immigration judge concluded that his conviction for deadly conduct under Texas Penal Code § 22.05(a) was categorically a crime involving moral turpitude ("CIMT"). Petitioner appealed to the Board of Immigration Appeals ("BIA"), which applied the "realistic probability" approach to hold that deadly conduct was categorically a CIMT and dismissed the appeal.[1] For the reasons explained in *Mercado v. Lynch*, 14–60539, 823 F.3d 276, 278–79, 2016 WL 2586169 (5th Cir. May 4, 2016), we hold that the BIA applied the incorrect standard in analyzing whether Petitioner's conviction constitutes a CIMT. We reverse and remand for the BIA to analyze Petitioner's convictions under the minimum reading approach.

---

**1.** *Matter of Hernandez,* 26 I. & N. Dec. 464    (BIA 2015).