16-3953-ag
Gayle v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

HOWARD C. GAYLE, a/k/a Owen
Anthony Barnes,
　　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　　　　　No. 16-3953-ag

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
　　　　　*Respondent*.

_____

APPEARING FOR PETITIONER:　　THOMAS H. NOOTER, Freeman,
　　　　　　　　　　　　　　　　　　Nooter & Ginsberg, New York,
　　　　　　　　　　　　　　　　　　New York.

APPEARING FOR RESPONDENT:　　MARGARET O'DONNELL, Trial
　　　　　　　　　　　　　　　　　　Attorney (Chad A. Readler, Acting

1

Assistant Attorney General, Carl McIntyre, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Howard Gayle, a native and citizen of Jamaica, seeks review of the BIA's affirmance of an immigration judge's ("IJ's") decision ordering him removed to Jamaica. *See In re Howard Gayle*, No. A045 439 658 (B.I.A. Nov. 4, 2016), *aff'g* No. A045 439 658 (Immig. Ct. N.Y.C. May 28, 2015). Under the circumstances of this case, we review both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

On appeal, Gayle challenges the agency's determination that his 1999 conviction for reckless endangerment in the second degree in violation of New York Penal Law ("NYPL") § 120.20 constitutes a crime involving moral turpitude ("CIMT"), rendering him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i). "We accord *Chevron* deference to the BIA's construction of ambiguous statutory terms in immigration law, such as 'moral turpitude,'" and "review *de novo* the BIA's finding that a petitioner's crime of conviction *contains* those

2

elements which have been properly found to constitute a CIMT." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007) (emphasis in original) (internal quotation marks omitted). In making the latter determination, "we apply a categorical approach," *Efstathiadis v. Holder*, 752 F.3d 591, 595 (2d Cir. 2014), "look[ing] to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime," *Wala v. Mukasey*, 511 F.3d at 107 (internal quotation marks omitted).

The BIA has explained that "[t]o involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 834 (B.I.A. 2016); *see Rodriguez v. Gonzales*, 451 F.3d 60, 63 (2d Cir. 2006). The BIA has further concluded that crimes involving a reckless mental state and aggravated circumstances may constitute CIMTs. *See, e.g.*, *Matter of Leal*, 26 I. & N. Dec. 20, 25 (B.I.A. 2012) (ruling that "recklessly exposing another person to a substantial risk of imminent death is morally turpitudinous" (internal quotation marks omitted)); *Matter of Wojtkow*, 18 I. & N. Dec. 111, 112–13 (B.I.A. 1981) (holding New York manslaughter in the second degree, requiring recklessness, constitutes CIMT); *Matter of Medina*, 15 I. & N. Dec. 611, 613–14 (B.I.A. 1976) (holding that, although moral turpitude does not inhere in all crimes of recklessness, it inheres in reckless assault with a deadly weapon). We defer to this reasonable interpretation, *see Gill v. I.N.S.*, 420 F.3d 82, 89–90 (2d Cir. 2005) (deferring to BIA's interpretation that crimes committed recklessly in certain aggravated circumstances constitute CIMTs), and proceed to review *de novo*

whether NYPL § 120.20 may be so characterized.

NYPL § 120.20 states that "[a] person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." NYPL § 120.20. Under New York law "[a] person acts recklessly . . . when he is aware of and consciously disregards a substantial and unjustifiable risk that [a] result will occur or that [a] circumstance exists," where such risk is "of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id.* § 15.05(3). So defined, recklessness is "a culpable mental state for moral turpitude purposes" when combined with aggravating circumstances. *Matter of Leal*, 26 I. & N. Dec. at 23 (stating recklessness amounts to culpable mental state "where it entails a conscious disregard of a substantial and unjustifiable risk posed by one's conduct"); *see also Gill v. I.N.S.,* 420 F.3d at 89 (recognizing that crimes committed recklessly have amounted to CIMTs "where recklessness is defined as a conscious disregard of substantial and unjustifiable risk" (emphasis omitted)). Crimes that are the equivalent of a simple assault do not present the aggravating circumstance necessary for a CIMT, but crimes involving more serious physical harm do. *See Gill v. I.N.S.*, 420 F.3d at 89–90; *Matter of Leal*, 26 I. & N. Dec. at 24–26; *Matter of Faulaau*, 21 I. & N. Dec. 475, 478 (B.I.A. 1996). We conclude that NYPL § 120.20 requires such aggravated conduct.

A violation of NYPL § 120.20 requires proof that the defendant engaged in conduct

4

risking "serious physical injury," NYPL § 120.20, which New York law defines as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ," *id.* § 10.00(10). This danger of death or serious and protracted bodily injury constitutes an aggravating circumstance. *See Matter of Leal*, 26 I. & N. Dec. at 24–26; *Matter of Faulaau*, 21 I. & N. Dec. at 478; *see also Gill v. I.N.S.*, 420 F.3d at 89 (concluding reckless assault is CIMT where it involves a deadly instrument and serious bodily harm). Accordingly, on *de novo* review, we conclude that NYPL § 120.20 requires both recklessness and an aggravated circumstance, such that a conviction under that statute categorically constitutes a CIMT.

In urging otherwise, Gayle argues that New York case law shows that convictions under NYPL § 120.20 do not "necessarily involve[] conduct that rises to the level of moral turpitude." Petitioner's Br. at 7. While categorical review indeed focuses on "whether or not the minimum conduct criminalized by the statute would support classification of a crime as a CIMT," *Efstathiadis v. Holder*, 752 F.3d at 595 (internal quotation marks omitted), and although the agency did not itself review this case law, we independently conclude that Gayle's argument fails because, in each of the cases he cites, the culpable conduct was "morally reprehensible and intrinsically wrong," *Matter of Franklin*, 20 I. & N. Dec. 867, 868 (B.I.A. 1994), and entailed both a reckless mental state and risk of serious physical injury or death to others. *See, e.g., People v. Roth*, 80 N.Y.2d 239, 245, 590 N.Y.S.3d 30,

5

32 (1992) (upholding § 120.20 charge where defendants permitted unsafe working conditions in allowing petroleum tank to be cleaned without adequate ventilation near ignition sources, resulting in fatal explosion); *People v. Einaugler*, 206 A.D.2d 946, 947, 618 N.Y.S.2d 414, 415 (2d Dep't 1994) (affirming § 120.20 conviction where doctor, despite knowing condition could be fatal if untreated, delayed transferring patient to hospital for more than ten hours, resulting in death); *People v. King*, 141 A.D.2d 563, 565, 529 N.Y.S.2d 172, 174 (2d Dep't 1988) (affirming § 120.20 conviction where police officer opened door of moving car, hitting youth on bicycle and propelling bicycle into pedestrian, and police car then sped away); *People v. Canty*, 135 A.D.2d 721, 722, 522 N.Y.S.2d 622, 623 (2d Dep't 1987) (affirming § 120.20 conviction where defendant started fire in apartment building by splashing rubbing alcohol and igniting it); *People v. Vizzini*, 78 Misc. 2d 1040, 1047–48, 359 N.Y.S.2d 143, 151 (N.Y. Sup. Ct. 1974) (denying motion to dismiss § 120.20 charge where defendants called for strike of New York City firefighters "for mere personal or pecuniary gain," thereby depriving more than eight million people of fire protection and creating risk that could be found "tantamount to imminent peril"). Moreover, to the extent Gayle purports to rely on the facts underlying his own conviction, he fails to support his characterization of those facts with any record evidence. *See Poole v. Mukasey*, 522 F.3d 259, 263 (2d Cir. 2008) (declining to consider factual assertion in brief unsupported by administrative record).

Gayle further argues that the BIA erred in relying on *Matter of Hernandez*, 26 I. &

6

N. Dec. 464 (B.I.A. 2015), because that decision was subsequently reversed and remanded by *Hernandez v. Lynch*, 823 F.3d 279 (5th Cir. 2016). The Fifth Circuit there remanded, however, for the BIA to apply that circuit's standard for categorically determining whether the particular crime constituted a CIMT. Here, the BIA explicitly recognized the Fifth Circuit's remand on such grounds in relying on *Matter of Hernandez* for the distinct proposition that recklessness coupled with aggravating circumstances such as danger of serious bodily injury can amount to moral turpitude. Moreover, while Gayle argues the agency "failed to comply with" its decision in *Matter of Silva-Trevino*, 26 I. & N. Dec. 826 (B.I.A. 2016), Petitioner's Br. at 14, the BIA in fact explicitly relied upon that decision in analyzing whether the conviction here at issue constitutes a CIMT.

We note, however, that even in relying on *Silva-Trevino*, the BIA appears not to have followed the approach that case requires. As *Silva-Trevino* and our circuit precedent recognize, we follow a categorical approach to determine whether an offense is a CIMT. *See Matter of Silva-Trevino*, 26 I. & N. Dec. at 831–32; *Efstathiadis v. Holder*, 752 F.3d at 595. The BIA did not explicitly follow the categorical approach when considering Gayle's case. Nevertheless, our review indicates that the categorical approach does not yield a different outcome and that remand in this case would be needless. In the future, however, we expect the BIA's decisions to reflect the use of the categorical approach when appropriate.

Gayle contends, in any event, that NYPL § 120.20 does not require sufficient

7

aggravating circumstances for a CIMT because its language does not specify that the risk of death or serious injury must be "imminent," Petitioner's Br. at 18, unlike the statutes in other cases relied on by the BIA. We agree with the agency's determination, however, that its precedent does not demand that serious bodily injury necessarily be imminent to demonstrate the requisite aggravating circumstance for a CIMT. Rather, the aggravating circumstance that must accompany a defendant's reckless action is actual bodily injury or a substantial risk thereof. The imminence of such injury may be relevant to showing that the risk was substantial, but it is not the only way to make that showing.

Finally, insofar as Gayle faults the agency for not relying on its prior unpublished decision in *Matter of McFarlane*, 2006 WL 557819 (B.I.A. Feb. 6, 2006) (concluding that NYPL § 120.20 is not a CIMT), we have recognized that "the BIA . . . accords no precedential value to its own unreported decisions," *Rotimi v. Gonzales*, 473 F.3d 55, 57 (2d Cir. 2007) (internal quotation marks omitted), and thus the agency did not err in declining to accord such value here.

We have considered Gayle's remaining arguments and conclude that they are without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court