■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX NIEVES, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 13, 1973, convicting defendant upon his plea of guilty of manslaughter in the first degree and sentencing him to imprisonment for not less than four years nor more than 12 years, modified in the interest of justice to strike from the sentence the imposition of a minimum of four years, and otherwise affirmed. The defendant was intoxicated when he committed this crime, and may have been suffering from mental depression, but the evidence gives no support to his present contention that he was so intoxicated, so psychotic, and so deficient in his command of English that he could neither comprehend the *Miranda* warnings nor validly waive his rights under them. While the defendant's criminal responsibility is therefore established, and a prison term justified, the imposition of a four-year minimum fails to recognize the role played by the defendant's alcoholism and mental state. In 1971 he was admitted to Bellevue as a suicide risk and since then he has suffered periods of depression and despondency. He started drinking heavily over six years ago and by the time of the crime he was an alcoholic. His actions became such a family problem that two weeks before the crime, the woman with whom he lived, and by whom he had five children, took the children and left. This cast him into an increasing depression and the day before the crime he threatened to burn his apartment and actually set his mattress afire. He drank all the following day with a friend, Feliciano, first in bars and later in his apartment which he then succeeded in setting afire. He rushed to the neighbors' apartment, told them what he had done, urged them to flee the building and both he and they did. When the fire was extinguished, Feliciano was found dead in the defendant's apartment. He had been the defendant's closest friend and there is no evidence of any intention to have killed him. The defendant had no criminal record, not even an arrest. Because Feliciano's body was found in a room adjoining the one with the most fire damage, it is possible that the defendant had forgotten that he was there. Under all of these circumstances, the striking of the minimum sentence would give greater scope to the community's efforts to rehabilitate the defendant, while, at the same time, the retention of the remaining sentence would satisfy the community's legitimate interest that his crime be punished. (See *People v Silver,* 10 AD2d 274.) Concur—Markewich, J. P., Kupferman, Murphy and Lynch, JJ.; Capozzoli, J., dissents in the following memorandum: I see no reason to interfere with the sentence imposed by Bloustein, J.