■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TERRY, Also Known as JOMO KENYATTA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 26, 1979, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the prosecution, as we must (see, People v Malizia, 62 NY2d 755,

757, *cert denied* 469 US 932), we find that the defendant's guilt was proven beyond a reasonable doubt, since any rational trier of fact could have found the elements of the crime to have been proved beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621). Three officers testified regarding the events which culminated in the defendant's arrest. Two of those officers stated that they saw the defendant in possession of two guns, and observed a third gun in plain view in the front seat of his automobile. Accordingly, we find the evidence "sufficient * * * in quantity and quality" to justify the jury's finding of guilt beyond a reasonable doubt *(see, People v Gruttola,* 43 NY2d 116, 122).

The People sought an increased sentence of imprisonment under Penal Law § 70.10 which authorizes harsher penalties for persistent felony offenders. Defendant challenged the use of his prior convictions to enhance the severity of his present sentence on the ground that both of his prior pleas were unconstitutionally obtained. After a hearing during which the plea minutes were reviewed, Criminal Term correctly found that the defendant had failed to demonstrate that the predicate convictions had been obtained in violation of his constitutional rights, as both pleas were knowingly, voluntarily and intelligently entered *(see, People v Harris,* 61 NY2d 9; CPL 400.20 [6]).

Further, there is nothing in the record which would warrant a modification of the defendant's sentence. Based upon the defendant's long history of arrests, convictions, incarcerations and violent criminal acts dating back to 1960, and his total disregard of our laws and the rights of his fellow citizens, the court correctly found that the defendant was beyond rehabilitation and that incarceration as a persistent felony offender was proper *(see,* Penal Law § 70.10).

We have examined the defendant's remaining contentions and find them to be either unpreserved or without merit. Mollen, P. J., Bracken, Lawrence and Eiber, JJ., concur.