■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY STOKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered November 18, 1988, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 23, 1987, at approximately 6:30 P.M., the defendant accosted four youths on a street in Queens and accused them of robbing his young nephew. Threatening to shoot the youths, the defendant, who was on a bicycle, ordered them to follow him, and the boys complied. After traveling several blocks, the defendant ordered his victims to stop and hand over all their valuables, which they did. Eventually, the defendant cycled off with the boys' possessions. The defendant was subsequently identified in a lineup by one of the youths, and was identified at trial by two others.

On appeal, the defendant contends in his supplemental *pro se* brief that he was denied the effective assistance of trial and appellate counsel, in both this action and two related actions, in that no *Dunaway* hearing was requested although he was arrested at his home without a warrant. He submits that appellate counsel was also ineffective in not raising the ineffectiveness of trial counsel issue—an omission he attributes to a conflict of interest, since both trial and appellate counsel work for the Legal Aid Society.

There is no merit to the defendant's claim. The defendant has not carried his burden of showing that his trial counsel's failure to request a *Dunaway* hearing was not based on a legitimate strategy, or, conversely, that it was not requested for unsatisfactory reasons. Indeed, it is not clear that the defendant even informed his attorney of the relevant facts prior to trial, and the trial record alone does not permit us to reject all legitimate explanations for counsel's failure to pursue a hearing, without "resorting to supposition and conjecture" *(People v Rivera,* 71 NY2d 705).

The defendant also argues, as he did in a companion appeal *(see, People v Stokes,* 162 AD2d 738, 739 [decided herewith]) that the trial court's identification charge deprived him of a fair trial, and that his sentences were excessive. These contentions are equally without merit.

The defendant failed to object to the portion of the trial court's charge complained of on appeal, with the result that any issue of law with respect thereto is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). In any event, the court's charge—which contained the observation that a witness's memory for faces may be better in some circumstances than in others, as well as instructions on how to assess a witness's reliability—was entirely proper, comporting with both common sense and the law.

Given the defendant's repeated display of "total disregard of our laws and the rights of his fellow citizens" *(People v Terry,* 117 AD2d 761, 762), we find that the sentence imposed was appropriate and should not be disturbed *(see, People v Suitte,* 90 AD2d 80), even though it is consecutive to the sentences imposed upon his convictions under indictments Nos. 7901/87, 7899/87 and 7925/87. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.