■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY STOKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered August 30, 1988, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 3, 1987, the defendant stopped the complainant on the street, accused him of robbing his little brother, and ordered the complainant to go home with him to be identified by the boy. Protesting his innocence, the complain-

ant followed the defendant for several blocks, when the defendant stopped, pointed to what appeared to be a handgun at his waist, and demanded his money. The complainant, who knew the defendant by sight and name, reported the incident to the police, identifying the defendant as the perpetrator.

On appeal, the defendant argues that certain remarks made by the prosecutor during summation deprived him of a fair trial, and that his sentence was excessive. The defendant's contentions are without merit.

The defendant did not object to the remarks in the prosecutor's summation complained of on appeal, with the result that any issue of law with respect thereto is unpreserved for appellate review (see, CPL 470.05 [2]; People v Nuccie, 57 NY2d 818). In any event, the prosecutor's remarks were a fair response to defense counsel's attempt to persuade the jury that the victim should not be believed because he had a criminal record (see, People v Marks, 6 NY2d 67, cert denied 362 US 912), and the prosecutor's exhortation to the jurors to determine the guilt or innocence of the defendant on the basis of the evidence before them, without reference to the complainant's criminal background, was entirely proper (cf., People v Ashwal, 39 NY2d 105).

Given the defendant's repeated display of "total disregard of our laws and the rights of his fellow citizens" (People v Terry, 117 AD2d 761, 762), we find that the terms of imprisonment imposed were appropriate and should not be disturbed (see, People v Suitte, 90 AD2d 80), even though they are consecutive to the sentences imposed on his convictions under indictment No. 7901/87 and indictment No. 7925/87.

A supplemental pro se brief has been filed which sets forth the arguments of ineffective assistance of trial and appellate counsel. We have thoroughly reviewed these arguments and find them to be without merit (see, People v Stokes, 162 AD2d 737 [decided herewith]). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.