■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY STOKES, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Appelman, J.), both rendered August 30, 1988, convicting him of robbery in the first degree (two counts) under indictment No. 7901/87, upon a jury verdict, and robbery in the third degree (two counts) and grand larceny in the fourth degree (two counts), under indictment No. 7925/87, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

At approximately 5:00 P.M. on November 11, 1987, the defendant accosted four youths, accused them of robbing his nephew, demanded that they accompany him to be identified by the nephew, and threatened to shoot them if they did not comply. After marching the group down several streets in Queens for approximately 30 minutes, the defendant ordered them to stop and demanded all their money and jewelry. All four youths separately identified the defendant in lineups as the robber.

At approximately 9:45 P.M. on May 19, 1987, the defendant accused two other youths of robbing his nephew, and, threatening to shoot them with a gun concealed inside his jacket, marched them several blocks for approximately 30 minutes, ostensibly looking for his nephew at the home of a female relation. Finally, threatening to shoot them, the defendant took the boys' money and disappeared. These two victims also picked the defendant out of a lineup.

On appeal, the defendant argues that the trial court's identification charge deprived him of a fair trial, and that his sentences are excessive. The defendant's contentions are without merit.

We note at the outset that the defendant failed to object to the portion of the trial court's charge complained of on appeal, with the result that the issue is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818). In any event, the court's charge—which contained the observation that a witness's memory for faces may be better in some circumstances than in others, as well as instructions on how to assess a witness's reliability—was entirely proper, comporting with both common sense and the law.

Given the defendant's repeated display of "total disregard of our laws and the rights of his fellow citizens" *(People v Terry,* 117 AD2d 761, 762), we find that the sentences imposed are appropriate and should not be disturbed *(see, People v Suitte,* 90 AD2d 80).

A supplemental *pro se* brief has been filed which sets forth the arguments of ineffective assistance of trial and appellate counsel. We have thoroughly reviewed these arguments and find them to be without merit *(see, People v Stokes,* 162 AD2d 737 [decided herewith]). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.