▋ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GALENSKI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a bench trial, of manslaughter in the second degree (Penal Law § 125.15), reckless endangerment in the second degree (Penal Law § 120.20) and endangering the welfare of a child (Penal Law § 260.10) in connection with the death of the eight-month-old daughter of his girlfriend. We reject defendant's contention that his manslaughter conviction resulted from the trial court's impermissible constructive amendment of the indictment. Defendant's reliance on *People v Roberts* (72 NY2d 489) to support his contention is misplaced. There, reversal of defendant's manslaughter conviction was mandated because the People's proof at trial regarding the cause of death contradicted and disproved the factual allegations regarding the cause of death that were contained in the indictment, thus violating the constitutional and statutory requirement that an indictment provide fair notice in order to permit the preparation of a defense *(see,* NY Const, art I, § 6; CPL 200.50). The People's proof at trial established that a cause of the infant's death was blunt force injuries to her head. That proof was wholly consistent with and conformed to the theory set forth in the indictment as amplified in the People's bill of particulars. The trial court's findings of fact did not negate or reject that theory as a cause of death. Therefore, defendant was not deprived of his constitutional right to be tried and convicted of those crimes and upon those theories charged in the indictment *(cf., People v Roberts, supra; People v AJS Merchandising,* 162 AD2d 990).

Finally, under the circumstances, defense counsel's representation, considered in its totality, was meaningful *(see, People v Rivera,* 71 NY2d 705, 709; *People v De Pillo,* 168 AD2d 899, 900, *lv denied* 78 NY2d 965). (Appeal from Judgment of Erie County Court, Berke, J.—Manslaughter, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.