cating with counsel or understanding the proceedings *(see, People v Reyes,* 158 AD2d 626; *People v Gamal,* 148 AD2d 468; *People v Navarro,* 134 AD2d 460). Moreover, under the circumstances, there is no merit to his claim that trial counsel was ineffective in failing to request the appointment of an interpreter *(see, People v Reyes, supra,* at 627). Further, the defendant's claim that his attorney failed to advise him of the benefits of entering a plea of guilty may not be raised on direct appeal as it relies on allegations outside the record *(see, People v Weinberg,* 183 AD2d 930; *People v Rivera,* 180 AD2d 767).

In addition, the defendant was not unduly prejudiced when the prosecutor asked the defendant on cross-examination whether he was familiar with the term "Mexican Brown" heroin. The trial court acted promptly and forcefully to correct any error by sustaining the objection, admonishing the jury to disregard it, and instructing the prosecutor to move on to another topic *(see, e.g., People v Reardon,* 141 AD2d 869).

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX FIELDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered February 8, 1991, convicting him of sexual abuse in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant argues that the complaining witness' testimony was incredible as a matter of law and that the jury's verdict was repugnant. We note at the outset that neither of these claims was preserved for appellate review *(see, People v Udzinski,* 146 AD2d 245; CPL 470.05 [2]). In any event, we find that the defendant's arguments are without merit. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on

appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). In addition, the jury's verdict was not repugnant, as the defendant's acquittal on the charges of rape in the first degree, rape in the second degree, and sexual abuse in the first degree did not necessarily negate an essential element of sexual abuse in the second degree and endangering the welfare of a child *(see, People v Goodfriend,* 64 NY2d 695, 697). Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.