■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v JAMES E. RICHARDSON, Appellant-Respondent. [629 NYS2d 557] —Judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of escape in the first and second degrees. On appeal, defendant contends that: (1) the proof was insufficient to convict him of escape in the first degree; (2) the court should have given a circumstantial evidence charge with respect to that count; (3) the People changed the theory of the prosecution after the Grand Jury indicted him; (4) the court erroneously charged escape in the second degree as a lesser included offense of escape in the first degree; (5) the People failed to provide certain *Rosario* material; and (6) the prosecutor improperly intimidated a witness. The People cross-appeal, contending that the court erred in imposing concurrent, rather than consecutive, sentences.

The evidence, viewed in the light most favorable to the

People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to convict defendant of escape in the first degree for the November 25, 1992 escape. The evidence establishes that defendant had been charged with the crime of rape in the first degree and was in custody pursuant to a securing order on that date. Defendant has not preserved for our review his contention that the court erred in failing to give a circumstantial evidence charge *(see, People v Ford,* 66 NY2d 428, 441).

Prior to trial, defendant did not request a bill of particulars from the prosecutor concerning defendant's custody status *(see,* CPL 200.95; *see also,* Penal Law § 205.00 [2]). The proof concerning the November 25, 1992 escape was wholly consistent with and conformed to the indictment, which stated that defendant was in custody, "having been arrested for *or* charged with a class B felony" (emphasis added; *see, People v Galenski,* 184 AD2d 1006, *lv denied* 80 NY2d 929).

Defendant requested that the court charge escape in the second degree as a lesser included offense of escape in the first degree with regard to the October 15, 1992 escape. Having affirmatively requested the submission of the lesser charge to the jury, defendant waived any objection to the error he now alleges *(see, People v Ford,* 62 NY2d 275, 283). We have reviewed the remaining contentions of defendant and conclude that they are without merit.

On their cross appeal, the People contend that the court erred in imposing concurrent sentences for the two counts of escape. Penal Law § 70.25 (2-d) does not apply to this case; it applies where a defendant is convicted of escape in the first or second degree, in addition to the felony for which defendant was in custody when he escaped *(see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.25, at 311).

All concur except Green, J. P., and Doerr, J., who dissent in part and vote to modify in the following Memorandum.

Green, J. P., and Doerr, J. (dissenting in part). We respectfully dissent in part. We agree with the conclusion of the majority that, by requesting that the court charge escape in the second degree under count two of the indictment, defendant waived his present argument that escape in the second degree is not a proper lesser included offense of escape in the first degree. We disagree, however, with the conclusion of the majority that the evidence adduced on count three, escape in the first degree, is sufficient to prove that, on November 25, 1992, defendant was in custody pursuant to the securing order of Batavia City Court. The People failed to produce the order, but

rather, relied upon the testimony of a Court Clerk and a City of Batavia Police Officer. The Court Clerk testified that the Judge instructed her to prepare a securing order. She did not testify that she actually prepared the order. The officer testified that he was present in the courtroom during defendant's arraignment on October 15, 1992, when the Judge set bail and signed a securing order.

We cannot agree with the majority that the above-discussed testimony proved that defendant was in custody pursuant to a securing order. A court record may be proven only by the admission into evidence of the original record or of a copy properly attested as correct (see, CPLR 4540; Richardson, Evidence § 652, at 646 [Prince 10th ed]). The existence and content of a court order cannot be proven by circumstantial evidence. Consequently, we would modify the judgment by reversing defendant's conviction of escape in the first degree, vacating the sentence imposed thereon and dismissing count three of the indictment (see, CPL 470.20 [3]). (Appeals from Judgment of Genesee County Court, Morton, J.—Escape, 1st Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.