■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUMITRU DOROS, Appellant. [629 NYS2d 413] —Judgment, Su-

preme Court, New York County (Rose Rubin, J.), rendered August 24, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's application to introduce expert testimony on the reliability of eyewitness identification was properly denied. Even assuming that such testimony may, in some circumstances, be admissible in the court's discretion (*see, People v Mooney*, 76 NY2d 827), this is clearly not such a case, defendant having made no showing that the psychologist's expertise extended to pre-planned, prompt identifications by trained undercover police. "[T]he expert testimony on this issue cannot be connected with any facts of this case." (*United States v Downing*, 609 F Supp 784, 792, *affd* 780 F2d 1017.)

Defendant was not entitled to a missing witness charge with respect to various officers, not present at the sale, whose testimony would have been cumulative at best (*People v Macana*, 84 NY2d 173, 180).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.