■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES K., Appellant. [654 NYS2d 67] —Adjudication unanimously affirmed. Memorandum: Defendant appeals from an adjudication finding him guilty after a jury trial of assault in the first degree. Defendant contends that County Court erred in instructing the jury on the defense of justification, the definition of "serious physical injury" regarding the crime of assault in the first degree, and the intent element of assault in the second degree. He further contends that the sentence is harsh and excessive. We disagree.

Because the evidence presented a factual issue whether defendant was the initial aggressor in the use of deadly physical force, the court properly submitted that issue to the jury (*see, People v Thomas,* 213 AD2d 728, *lv denied* 85 NY2d 981). There is no merit to the contention that the court's charge on justification diluted the People's burden of proof. The court instructed the jury that the "People have the burden to establish beyond a reasonable doubt that the defendant was the

initial aggressor" and repeatedly instructed the jury that the People had the burden of disproving the defense of justification beyond a reasonable doubt. The court properly instructed the jury on the subjective and objective elements involved in assessing the reasonableness of defendant's conduct (*see, People v Goetz*, 68 NY2d 96, 114-115) and adequately described the relevant factors that the jury should consider. The court's refusal to charge the jury in the precise manner requested by the defense did not prejudice defendant.

In instructing the jury on justification, the court erroneously stated that "verbal quarrels, the use of abusive language, the calling of names *accompanied* by physical acts, none of these justify the use of any physical force, deadly or otherwise" (emphasis added). While the court misspoke and should have said "unaccompanied", defendant did not object to that instruction, thereby failing to preserve the issue for our review (*see*, CPL 470.05 [2]). We decline to exercise our power to review that issue as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Defendant further contends that the court should have submitted to the jury the issue of the duty to retreat. Defense counsel agreed at the precharge conference, however, that there was no need to instruct the jury on that issue, thereby waiving any objection to the error now alleged (*cf., People v Richardson*, 216 AD2d 915, 916, *affd* 88 NY2d 1049).

Defendant failed to preserve for our review his challenge to the court's instruction regarding "serious physical injury" as an element of assault in the first degree (*see*, CPL 470.05 [2]; *People v Lipton*, 54 NY2d 340, 351). In any event, the instruction, which mirrors the statutory language, was proper. We do not address defendant's challenge to the court's instruction on the intent element of assault in the second degree inasmuch as the jury found defendant guilty of assault in the first degree.

Finally, we reject the contention that the sentence is unduly harsh or severe. (Appeal from Adjudication of Yates County Court, Falvey, J.—Youthful Offender.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.