■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HART, Appellant. [655 NYS2d 393] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered August 9, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to set aside the verdict on the ground of juror misconduct. Absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial (see, People v Irizarry, 83 NY2d 557, 561; People v Clark, 81 NY2d 913, 914). Here, although a juror failed to disclose during voir dire that her husband had been accused of a crime, the record establishes that this did not preclude her from rendering an impartial verdict. Accordingly, the defendant was not prejudiced by the juror's misconduct.

We also find that a missing witness charge was unnecessary under the circumstances (see, People v Macana, 84 NY2d 173; People v Doros, 217 AD2d 415), and that the trial court's identification charge was proper (see, People v Knight, 87 NY2d 873; People v Whalen, 59 NY2d 273).

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PREVIN HAYMER, Appellant. [655 NYS2d 393] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered December 7, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in imposing the mandatory surcharge and crime victim assistance fee (Penal Law § 60.35 [1]) because these were not discussed as part of the plea agreement is unpreserved for appellate review (see, CPL 470.05 [2]). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.