■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HERNANDEZ, Appellant. [743 NYS2d 355] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered March 28, 2001, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by directing that all sentences shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment entered after a jury trial convicting him of three counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), and other offenses. County Court properly denied defendant's severance motion. Certain of the offenses were properly joinable pursuant to CPL 200.20 (2) (b) (*see People v Cruz*, 278 AD2d 125, 125). The remaining offenses were joinable pursuant to CPL 200.20 (2) (c), and defendant failed to establish good cause for discretionary severance (*see Cruz*, 278 AD2d at 125; *People v Bruce*, 216 AD2d 913, 913-914, *lv denied* 86 NY2d 872; *People v McCune*, 210 AD2d 978, 978-979, *lv denied* 85 NY2d 864). Defense counsel's failure to call a witness at trial does not, by itself, constitute ineffective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see People v*

*Baldi,* 54 NY2d 137, 147). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Defendant indicated to the court during a pretrial proceeding that he understood English without the need for an interpreter and thus, contrary to the contention of defendant in his pro se supplemental brief, the court did not abuse its discretion in denying his subsequent request for an interpreter at trial (*see People v Navarro,* 134 AD2d 460, 460).

We agree with defendant, however, that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* 470.15 [6] [b]), we modify the judgment by directing that all sentences shall run concurrently, for an aggregate term of incarceration of 9 to 18 years. Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.