■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAD MCKINNEY, Appellant. [755 NYS2d 541] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered July 2, 2001, convicting defendant after a jury trial of, inter alia, burglary in the second degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentences imposed on the second and fifth counts of the indictment and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing on those counts.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of four counts of burglary in the second degree (Penal Law § 140.25 [2]), two counts of grand larceny in the fourth degree (§ 155.30 [1], [4]), and three counts of petit larceny (§ 155.25). County Court properly denied the motion of defendant to suppress his statements to the police. The evidence presented at the suppression hearing established that defendant suffers from depression and had stayed overnight at a psychiatric clinic the night before the police interrogated him. According to the testimony of the detectives who questioned him, however, at the time of the interrogation defendant appeared to be "fine," and he freely engaged in a conversation with them. They further testified that defendant did not become upset during the interrogation. The record establishes that defendant understood the *Miranda* warnings and knowingly and intelligently waived his rights (*see People v Nieves,* 49 AD2d 515; *see generally People v Williams,* 62 NY2d 285, 288-289).

Defendant contends that the conviction of four counts of burglary in the second degree is not supported by legally sufficient evidence because the People could not establish that defendant had committed those burglaries, and they failed to establish the element of intent. We disagree. The evidence at trial establishes that items were taken from the victims' residences

during the night and that the perpetrator had consumed food or beverages while in the residences, as evidenced by the food and empty bottles left on the kitchen counters there. Defendant admitted to the police that he would consume food while inside a residence committing a burglary. The owner of a convenience store testified that he cashed a traveler's check for an unidentified man and a man whose surname is Johnson. The traveler's check was later identified as one taken from a victim's residence, and Johnson testified that he went with defendant to the convenience store to cash a traveler's check. Johnson further testified that defendant would give items to Johnson to sell, and the victims identified some of those items as their property. Viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621), we conclude that it is legally sufficient to establish that defendant entered the residences of the victims with the intent to commit a crime therein (*see People v Mitchell,* 254 AD2d 830, 831, *lv denied* 92 NY2d 984). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495).

Contrary to the further contention of defendant, the record establishes that he voluntarily and intelligently waived his right to counsel at sentencing (*see People v Leao,* 295 AD2d 132; *People v Spirles,* 275 AD2d 980, 981, *lv denied* 96 NY2d 807; *see generally People v Smith,* 92 NY2d 516, 520). To the extent that a detective was permitted to testify to statements made by defendant concerning crimes for which he was not on trial, we conclude that defendant's statements concerning those crimes were inextricably interwoven with statements concerning the crimes for which defendant was on trial. Thus, the court properly denied defendant's motion for a mistrial based upon the admission of that detective's testimony (*see People v Koberstein,* 262 AD2d 1032, 1034, *lv denied* 94 NY2d 798).

Defendant contends that it was cruel and unusual punishment to sentence him as a persistent violent felony offender. Contrary to defendant's contention, the sentence does not constitute cruel and unusual punishment (*see People v Brock,* 293 AD2d 294, 295; *People v Brabham,* 104 AD2d 1043), nor is it unduly harsh or severe. We conclude, however, that the court erred in sentencing defendant as a persistent violent felony offender for his conviction of two counts of grand larceny in the fourth degree because those offenses are not violent felonies (*see* Penal Law § 70.02 [1] [d]; § 70.08 [1] [a]; § 155.30; *People v Hichez,* 240 AD2d 678, 679-680, *lv denied* 90 NY2d 1012). We therefore modify the judgment by vacating the sentences imposed on the second and fifth counts of the indictment, and

we remit the matter to Onondaga County Court for resentencing on those counts.

Defendant further contends in his pro se supplemental brief that he was denied effective assistance of trial and appellate counsel, that the court erred in denying his request for a missing witness charge, and that he was deprived of a fair trial based on the court's denial of his motion for severance, the court's allegedly erroneous *Sandoval* ruling, and the People's alleged failure to provide him with *Brady* material. The contention of defendant that he was denied effective assistance of trial counsel is without merit. The evidence, the law and the circumstances of this case, "viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see People v Benevento,* 91 NY2d 708). Defendant's contention concerning ineffective assistance of appellate counsel is reviewable by way of a coram nobis proceeding, but it may be raised on direct appeal from a judgment of conviction and, with an adequate record, is properly reviewable (*see People v Vasquez,* 70 NY2d 1, 3 n, *rearg denied* 70 NY2d 748; *People v Bachert,* 69 NY2d 593, 599). That contention, however, is without merit (*see People v Stokes,* 162 AD2d 738, 739, *lv denied* 76 NY2d 866; *People v Navedo,* 137 AD2d 726, 727, *lv denied* 71 NY2d 1030). The court properly denied defendant's request for a missing witness charge. That request was made after both the People and defendant had rested and was thus untimely (*see People v Gonzalez,* 68 NY2d 424, 427-428; *People v Hayes,* 261 AD2d 872, 873, *lv denied* 93 NY2d 1019). The court also properly denied defendant's motion for severance. The offenses were properly joinable pursuant to CPL 200.20 (2) (b) (*see People v Bell,* 286 AD2d 931, 932, *lv denied* 97 NY2d 679). The offenses were also properly joinable pursuant to CPL 200.20 (2) (c), and defendant failed to show good cause for discretionary severance (*see People v Hernandez,* 295 AD2d 989, *lv denied* 98 NY2d 711; *Bell,* 286 AD2d at 932).

The court did not abuse its discretion by its *Sandoval* ruling (*see People v Montgomery,* 288 AD2d 909, 909-910). The court ruled that defendant could be cross-examined concerning two prior convictions of burglary, but refused to allow the People to cross-examine defendant concerning both the underlying facts of those convictions and the fact that defendant had another burglary conviction. Finally, reversal is not warranted based on an alleged *Brady* violation. The People provided defendant with some of the alleged *Brady* material during trial, and defense counsel was given a meaningful opportunity to use

that material (*see People v Cortijo,* 70 NY2d 868, 870; *People v Barney,* 295 AD2d 1001, 1002; *People v Ward,* 291 AD2d 906, *lv denied* 98 NY2d 641). Defendant failed to establish that the remaining alleged *Brady* material exists (*see People v Bryant,* 298 AD2d 845). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.