[819 NE2d 997, 786 NYS2d 381]

The People of the State of New York, Respondent, v Francisco Carranza, Appellant.

Argued September 13, 2004; decided October 21, 2004

## APPEARANCES OF COUNSEL

*Mark Diamond*, New York City, for appellant.

*Francis D. Phillips, II, District Attorney*, Goshen (*Daniel M. Reback* of counsel), for respondent.

## OPINION OF THE COURT

Memorandum.

The order of the Appellate Division should be affirmed.

Defendant argues that statements he made to a police officer without a lawyer present should have been suppressed, relying on the rule we announced in *People v Arthur* (22 NY2d 325, 329 [1968]): "[O]nce the police know or have been apprised of the fact that the defendant is represented by counsel or that an attorney has communicated with the police for the purpose of representing the defendant, the accused's right to counsel at-

taches." We reject defendant's argument because the requirements of the *Arthur* rule were not met here; the police department questioning defendant had not been informed that an attorney represented him or sought to communicate with the police on his behalf.

At the time he committed the murder involved in this case, defendant had another, unrelated case pending in which he had been assigned a lawyer from the Legal Aid Society. After hearing that defendant was wanted in this case, the Legal Aid lawyer faxed letters to the New York State Police and to the Orange County District Attorney, saying that the defendant "hereby exercises his rights to remain silent and to counsel." The lawyer added: "He will be making no statements." The lawyer did not write or speak to either of the two local police departments that arrested and questioned defendant.

On the same day the lawyer's letters were sent, the Monticello Police arrested defendant and told the Newburgh Police of the arrest. Detective Zapata of the Newburgh Police traveled to Monticello and brought defendant back to Newburgh. Defendant waived his *Miranda* rights and made statements to Zapata before, during and after the Monticello-Newburgh journey. It is undisputed that Zapata knew nothing of the lawyer's communications to the District Attorney and the State Police.

On these facts, the *Arthur* rule does not apply. A lawyer may not prevent the police from questioning a suspect by communicating only with law enforcement agencies not involved in the investigation (*cf. People v Pinzon*, 44 NY2d 458, 463 [1978] [calls to police department central switchboard sufficient to put police on notice]). Where a police officer does not know and cannot be charged with knowledge that the suspect has a lawyer, the officer has no obligation to refrain from asking questions.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur

Order affirmed in a memorandum.