THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JONES, Appellant. [786 NYS2d 776]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered March 21, 2003. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his present contentions that the evidence is legally insufficient to support the conviction of attempted robbery (*see People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]) and that Supreme Court erred in failing to present to the jury the issue whether the glass bottle used by defendant in the course of the attempted robbery was a dangerous instrument (*see People v Santiago*, 265 AD2d 205 [1999], *lv denied* 94 NY2d 884 [2000]), and we decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during the prosecutor's opening and closing statements and, in any event, that contention lacks merit (*see People v Wright*, 269 AD2d 831 [2000], *lv denied* 94 NY2d 954 [2000]; *People v Robinson*, 234 AD2d 1009 [1996], *lv denied* 89 NY2d 1015 [1997]). Contrary to defendant's

further contention, " 'the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation,' establish that defendant received meaningful representation" (*People v Adams*, 247 AD2d 819, 820 [1998], *lv denied* 91 NY2d 1004 [1998], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.