■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL ANZALONE, Appellant. [788 NYS2d 753]—

Appeal from a judgment of the Erie County Court (Joseph P. McCarthy, J.), rendered June 25, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree (three counts), criminal possession of stolen property in the third degree (two counts), reckless driving, and grand larceny in the third degree and, upon his plea of guilty, of escape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of criminal possession of stolen property in the third degree (Penal Law § 165.50) and one count each of criminal possession of stolen

property in the fourth degree (§ 165.45 [5]) and grand larceny in the third degree (§ 155.35), and further convicting him upon his plea of guilty of escape in the second degree (§ 205.10 [2]). Contrary to defendant's contention, the evidence concerning the value of the stolen property is legally sufficient to support the conviction of criminal possession of stolen property in the third and fourth degrees as well as the conviction of grand larceny (*see People v Carter*, 19 NY2d 967, 968 [1967]; *People v Chacon*, 11 AD3d 906, 907 [2004]; *People v Jackson*, 194 AD2d 691, 691-692 [1993]; *People v Stein*, 172 AD2d 1060 [1991], *lv denied* 78 NY2d 975 [1991]). Also contrary to defendant's contention, County Court did not err in refusing to suppress certain identification evidence. The observation and identification of defendant by the victim in the lobby of the courthouse was accidental and not arranged by the police (*see People v Clark*, 85 NY2d 886, 888 [1995]; *People v Washington*, 304 AD2d 480 [2003], *lv denied* 100 NY2d 600 [2003]; *People v Brown [Sterling]*, 295 AD2d 442, 443 [2002], *lv denied* 99 NY2d 580 [2003]). Finally, the court did not err in refusing to sever certain counts of the indictment from other counts inasmuch as defendant failed to show "good cause" for discretionary severance (CPL 200.20 [3]; *see People v McKinney*, 302 AD2d 993, 995 [2003], *lv denied* 100 NY2d 584 [2003]; *People v Hernandez*, 295 AD2d 989 [2002], *lv denied* 98 NY2d 711 [2002]; *People v Bell*, 286 AD2d 931, 932 [2001], *lv denied* 97 NY2d 679 [2001]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.