■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VASQUEZ, Appellant. [796 NYS2d 274]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered January 16, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the third degree, sodomy in the third degree, sexual abuse in the third degree (two counts), forcible touching and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of rape in the third degree (Penal Law § 130.25 [3]), sodomy in the third degree (former § 130.40 [3]), forcible touching (§ 130.52 [former (2)]) and unlawful imprisonment in the second degree (§ 135.05) and two counts of sexual abuse in the third degree (§ 130.55), arising out of his having sexually assaulted two women. Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to sever the counts involving the respective victims. Defendant failed to make the necessary

showing of "good cause" to warrant a severance (CPL 200.20 [3]; *see People v Anzalone*, 15 AD3d 903, 904 [2005]; *People v Peterkin*, 12 AD3d 1026, 1027 [2004], *lv denied* 4 NY3d 766 [2005]; *People v McKinney*, 302 AD2d 993, 995, *lv denied* 100 NY2d 584 [2003]).

Also contrary to defendant's contention, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence on the elements of the victims' lack of consent and defendant's use of force or intimidation (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during opening and closing statements (*see People v Jones*, 13 AD3d 1192 [2004], *lv denied* 4 NY3d 799 [2005]; *People v Wright*, 269 AD2d 831 [2000], *lv denied* 94 NY2d 954 [2000]). In any event, defendant's contention lacks merit because the prosecutor's remarks constituted fair comment on the evidence (*see People v White*, 291 AD2d 842, 843 [2002], *lv denied* 98 NY2d 656 [2002]; *cf. People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The court properly denied defendant's motion pursuant to CPL 330.30 seeking to set aside the verdict on the ground of juror misconduct. The court properly concluded under the circumstances that there had been no showing of prejudice to a "substantial right" of defendant as a result of the juror's misconduct (CPL 330.30 [2]; *see generally People v Rodriguez*, 100 NY2d 30, 34-36 [2003]; *People v Ceresoli*, 88 NY2d 925, 926 [1996]; *People v Irizarry*, 83 NY2d 557, 561 [1994]; *People v Clark*, 81 NY2d 913, 914-915 [1993]). The presentence report did not violate the requirements of CPL 390.30 (*see People v Harrington*, 3 AD3d 737, 739 [2004]; *People v Frase* [appeal No. 1], 292 AD2d 822 [2002], *lv denied* 98 NY2d 675 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.