■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROMAN, Appellant. [813 NYS2d 211]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 26, 2002, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in charging the jury with the initial

aggressor principle as part of its justification instruction. The initial aggressor charge must be given where there is an issue of fact as to who started the conflict (*see People v James K.,* 236 AD2d 825 [1997]; *People v Baez,* 118 AD2d 507 [1986]). Here, there was conflicting evidence as to who was the initial aggressor. The victim testified that he did not threaten the defendant in any way, and that he was running from the defendant when he was shot. The fact that the victim received a gunshot wound to the back supported this testimony. The entire defense rested on the defendant's statement to the police, wherein he claimed that the victim attacked him first. Since there is an issue of fact as to who started the conflict, the court properly gave the initial aggressor charge (*see People v Carranza,* 306 AD2d 351 [2003], *affd* 3 NY3d 729 [2004]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.