■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ELEY, Appellant. [820 NYS2d 75]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 16, 2004, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to show that a juror's misconduct in failing to disclose his extensive prior jury service experience during voir dire prejudiced a substantial right (*see* CPL 330.30 [2]; *People v Rodriguez,* 100 NY2d 30, 36 [2003]; *People v Vasquez,* 19 AD3d 1103, 1104 [2005]; *People v West,* 4 AD3d 791, 793 [2004]; *People v Hart,* 237 AD2d 304 [1997]; *People v Teitelbaum,* 133 Misc 2d 392, 398 [1986], *affd* 138 AD2d 647 [1988]; *cf. People v Pauley,* 281 AD 223, 226 [1953]). Moreover, there is no "constitutional rule requiring automatic reversal whenever a defendant claims he might have peremptorily excused a juror had he possessed certain information about that juror . . . Rather, because defendant moved to set aside the verdict pursuant to CPL 330.30 (2), we adhere to the well settled statutory analysis applicable to such cases" (*see People v Rodriguez, supra* at 34), and find that the defendant failed to establish prejudice to a substantial right as a result of the juror's misconduct (*see People v Vasquez, supra*; *People v Hart, supra*).

The defendant's contention that the evidence was legally insufficient because the complainant was unbelievable and incredible as a matter of law is unpreserved for appellate review (*see People v Santos,* 86 NY2d 869, 870 [1995]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Carranza,* 306 AD2d 351 [2003], *affd* 3 NY3d 729 [2004]; *People v Fields,* 188 AD2d 612 [1992]; CPL 470.15 [2]). Where, as here, the defendant makes only a general motion to dismiss, the specific grounds for reversal argued on appeal are unpreserved (*People v Carranza, supra*; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620 [1983]; Penal Law § 160.10 [1], [2] [a]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are

satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.