■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOLLIS DANIEL, Appellant. [828 NYS2d 125]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Marrus, J.), rendered May 12, 2004, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the complainant became involved in a physical dispute and the defendant stabbed the complainant with an ice pick. At trial, the defendant asserted the defense of justification.

The defendant's challenge to the court's "initial aggressor" instruction is without merit. The instruction was warranted because there was an issue of fact as to whether the defendant was the initial aggressor in the use of deadly physical force (*see People v Carranza*, 306 AD2d 351, 352-353 [2003], *affd* 3 NY3d 729 [2004]; *People v James K.*, 236 AD2d 825 [1997]). Additionally, the court's definition of the "initial aggressor" as "the one who first uses the offensive deadly physical force," read together with the court's other instructions on the defense of justification, made it clear that the defendant would not be considered the initial aggressor if he reasonably believed that deadly physical force was necessary to defend himself from the imminent use of deadly physical force by another (*see* Penal Law § 35.15 [2]; *People v Walker*, 285 AD2d 364, 365 [2001]).

The court properly charged the jury that the defendant had a duty to retreat if he was not in his dwelling at the time of the incident (*see* Penal Law § 35.15 [2] [a] [i]). The issue was properly submitted to the jury because there were issues of fact as to whether the area where the struggle occurred was part of the defendant's dwelling (*see People v Berk*, 88 NY2d 257, 267 [1996], *cert denied* 519 US 859 [1996]; *People v Carrera*, 282 AD2d 614, 616 [2001]).

The court's refusal to instruct the jury that the defendant's belief that the complainant was about to use deadly physical force against him could be reasonable, even if mistaken, did not constitute error. To determine whether a defendant's conduct was justified under Penal Law § 35.15, the jury must examine whether the defendant's belief in the necessity of the use of deadly force was objectively and subjectively reasonable (*see People v Wesley*, 76 NY2d 555, 559 [1990]). When viewed in its entirety, the court's charge adequately conveyed the objective and subjective elements of the justification defense (*see People v Strong*, 256 AD2d 427 [1998]; *People v Davis*, 218 AD2d 748, 749 [1995]).

There is no merit to the defendant's contention that he was denied his rights to confrontation, to effective cross-examination, or to present a defense, by virtue of the court's limitation on

the scope of cross-examination of the complainant's former girlfriend, who witnessed the altercation. The defendant's theory that the complainant physically abused the witness and coerced her to fabricate her grand jury testimony was purely speculative and lacked any factual basis (*see People v Barney*, 277 AD2d 460 [2000]; *cf. People v Ocampo*, 28 AD3d 684, 685-686 [2006]; *People v Anonymous*, 275 AD2d 210, 212 [2000], *affd* 96 NY2d 839 [2001]). Accordingly, the court properly exercised its discretion in limiting defense counsel's cross-examination of the complainant's former girlfriend.

The defendant's remaining contentions are unpreserved for appellate review. Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.