■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOMO WILLIAMS, Appellant. [833 NYS2d 516]—Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J., at trial; Lange, J., at sentence), rendered November 26, 2003, convicting him of burglary in the third degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Smith, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no basis to disturb the hearing court's determination

that the officers conducted a lawful search of the defendant's rented vehicle, after securing a search warrant, in view of the testimony and evidence at the *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]) and the credibility determinations of the hearing court (*see People v Davis*, 221 AD2d 358, 359 [1995]; *People v Overton*, 188 AD2d 491 [1992]; *People v Oates*, 104 AD2d 907, 910 [1984]; *People v Garafolo*, 44 AD2d 86, 88 [1974]). Consequently, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the vehicle and derivative evidence was properly denied.

The defendant's challenge to the legal sufficiency of the evidence to sustain his convictions is unpreserved for appellate review since defense counsel made only a general motion to dismiss the indictment and did not elaborate with specific facts or grounds the basis for dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Eley*, 31 AD3d 662, 663 [2006]; *People v Carranza*, 306 AD2d 351, 352 [2003], *affd* 3 NY3d 729 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was improperly sentenced as a second felony offender is without merit. The People sustained their burden of proving, beyond a reasonable doubt, that the defendant previously was convicted of a felony upon which his adjudication as a second felony offender was based (*see* CPL 400.21; *People v Myron*, 28 AD3d 681, 684 [2006]; *People v Goldsmith*, 269 AD2d 465, 466 [2000]; *People v Espinoza*, 241 AD2d 554 [1997]). In opposition, the defendant failed to adduce proof sufficient to support his contention that his prior felony conviction was unconstitutionally obtained (*see People v Day*, 8 AD3d 495, 496 [2004]; *People v Allen*, 4 AD3d 479, 480 [2004]). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point I of his brief does not require reversal. The defendant's remaining contentions are unpreserved for appellate review. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.