■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS DEHAARTE, Appellant. [883 NYS2d 723]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered February 7, 2008, convicting him of robbery in the second degree (three counts), assault in the third degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying a *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) because the prosecutor's explanation for striking three black potential jurors was pretextual. However, the defendant's challenge was properly denied because he failed to satisfy his burden of demonstrating, under the third prong of the *Batson* analysis, that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (*see People v Payne*, 88 NY2d 172 [1996]).

Furthermore, the defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Eley*, 31 AD3d 662 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.