People v Lindsey (2019 NY Slip Op 03991)





People v Lindsey


2019 NY Slip Op 03991


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2014-11807
 (Ind. No. 2356/13)

[*1]The People of the State of New York, respondent,
v
Lee Lindsey, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes and Ava Page of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered December 5, 2014, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kenneth C. Holder, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that he was deprived of his constitutional rights to counsel and to confront the witnesses against him at the Huntley hearing (see People v Huntley, 43 NY2d 175) when the Supreme Court precluded him from eliciting evidence regarding whether he was questioned by police in violation of the indelible right to counsel guaranteed by the New York State Constitution. This contention is unpreserved for appellate review, as the defendant did not assert a constitutional right to introduce the excluded evidence during the Huntley hearing (see CPL 470.05[2]; People v Lane, 7 NY3d 888, 889; People v Cutting, 150 AD3d 873, 875; People v Taylor, 150 AD3d 768, 769). In any event, the court providently exercised its discretion in precluding this evidence since it was speculative and unsupported by any factual proffer (see People v Hicks, 88 AD3d 817, 818; People v Francisco, 44 AD3d 870; People v Daniel, 35 AD3d 877, 878-879).
The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during her opening statement and her summation is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Warden, 166 AD3d 817, 818; People v Wisdom, 164 AD3d 928, 930; People v Cherry, 163 AD3d 706, 707; People v Herrera, 161 AD3d 1006; People v Bethea, 159 AD3d 710, 712). In any event, this contention is without merit. The defendant was not deprived of a fair trial by the challenged remarks made during the prosecutor's opening statement, as the majority of those remarks described what the People intended to prove and properly prepared the jury to resolve the factual issues at the trial (see People v Warden, 166 AD3d at 819; People v Bonds, 118 AD3d 717, 719). Similarly, the defendant was [*2]not deprived of a fair trial by the challenged remarks made during the prosecutor's summation since the majority of the comments alleged to be prejudicial were fair comment on the evidence and reasonable inferences to be drawn therefrom, or fair response to defense counsel's summation (see People v Young,168 AD3d 771; People v Zaimi, 167 AD3d 954, 955; People v Giddens, 163 AD3d 990, 991). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, the remarks were not so egregious as to have deprived the defendant of a fair trial, and any other error in this regard was harmless (see People v Crimmins, 36 NY2d 230, 241-242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court