■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MCLEAN, Appellant. [793 NYS2d 855]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered January 16, 2004. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony (two counts), aggravated unlicensed operation of a motor vehicle in the first degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated as a class D felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). Contrary to the contention of defendant, the evidence at the suppression hearing is sufficient to establish that his arrest was supported by probable cause (*see People v O'Hanlon*, 5 AD3d 1012 [2004], *lv denied* 3 NY3d 645 [2004]; *People v Tittensor*, 244 AD2d 784 [1997]). County Court properly admitted in evidence recordings of the 13 calls to 911 made by defendant prior to his arrest (*see People v Knight*, 280 AD2d 937, 938-939 [2001], *lv denied* 96 NY2d 864 [2001]). The court properly denied the request of defendant for a missing witness charge with respect to one of the

passengers in the vehicle because there is no indication that the passenger was under the People's control (*see People v Farrow*, 159 AD2d 376 [1990], *lv denied* 76 NY2d 787 [1990]). We reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.