■ The People of the State of New York, Respondent, v Hasheem Broadhead, Appellant. [827 NYS2d 138]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered April 26, 2005, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and

was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence supports the conclusion that defendant's use of force against store employees was for the purpose, at least in part, of retaining control of the stolen merchandise that was in his possession, and that he did not use force merely for the purpose of escaping (*see e.g. People v Trotter*, 24 AD3d 127 [2005], *lv denied* 6 NY3d 819 [2006]; *People v Brandley*, 254 AD2d 185 [1998], *lv denied* 92 NY2d 1028 [1998]).

The court properly exercised its discretion in denying defendant's request for a missing witness charge with respect to one of the two private security guards present during the incident. This witness was not under the People's control for purposes of a missing witness charge, since there was no reason to expect him to provide testimony favorable to the People (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]; *compare People v Keen*, 94 NY2d 533, 539-540 [2000]). He was no longer an employee of the store from which the goods were stolen (*see People v Archie*, 167 AD2d 925, 926 [1990], *lv denied* 77 NY2d 991 [1991]), he had no connection with law enforcement, and his former status as a security guard did not create any relationship with the prosecution amounting to control. Furthermore, his testimony would have been cumulative of the other evidence.

The court properly exercised its discretion in precluding defendant from impeaching a witness with his failure to mention, in his grand jury testimony, a verbal threat made by defendant during the incident, about which the witness testified for the first time on cross-examination at trial. The omitted fact was not a proper prior inconsistent statement, because the grand jury questioning did not call for this information, and because the omission of this additional detail from the witness's grand jury testimony was not unnatural (*see People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no impairment of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.