THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL OGBORN, Appellant. [869 NYS2d 713]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and attempted sexual abuse in the first degree (§§ 110.00, 130.65 [3]) and two counts each of sexual abuse in the second degree (§ 130.60 [2]) and endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that County Court erred in denying his motion to sever the counts of the indictment concerning one victim from those concerning the other victim. Contrary to the contention of defendant, we conclude that he "failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever" (*People v Cassidy*, 16 AD3d 1079, 1081 [2005], *lv denied* 5 NY3d 760 [2005]; *see* CPL 200.20 (3);

*People v Vasquez*, 19 AD3d 1103 [2005], *lv denied* 5 NY3d 811 [2005]).

We also reject the contention of defendant that the court erred in refusing to allow defense counsel to cross-examine one of the victims with respect to her failure to indicate in her statement to the police that she was able to identify defendant as the individual touching her because she smelled beer and cigarettes on his person when she so testified at trial. An omission of fact in a prior statement may not be used for impeachment purposes unless it is shown that "at the prior time the witness' attention was called to the matter and that he [or she] was specifically asked about the facts embraced in the question propounded at trial" (*People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied* 416 US 905 [1974]). Here, defendant failed to make that showing (*see People v Keys*, 18 AD3d 780, 781 [2005], *lv denied* 5 NY3d 807 [2005]; *see also People v Broadhead*, 36 AD3d 423, 424 [2007], *lv denied* 8 NY3d 919 [2007]).

Contrary to the further contention of defendant, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the People's witnesses was not " 'so unworthy of belief as to be incredible as a matter of law' . . . , and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819 [2006], *lv denied* 7 NY3d 765 [2006]; *see generally Bleakley*, 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.