THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEYEWANIE BLACKLEDGE, Appellant. [10 NYS3d 229]—

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered April 9, 2013, as amended July 2, 2013, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly granted the prosecutor's request for a missing witness charge regarding defendant's mother and girlfriend, who were potential alibi witnesses given defendant's testimony about his whereabouts at the time of the crime. Each of these witnesses could have been expected to provide material noncumulative testimony (*see generally People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

Contrary to defendant's argument, his own testimony established that his girlfriend was in a *position* to support his alibi. Whether or not her testimony would actually have been helpful is "the precise question[ ] which [s]he could have answered if [s]he had been called to testify" (*People v Kitching*, 78 NY2d 532, 538 [1991]; *compare People v Dianda*, 70 NY2d 894 [1987] [no evidence that uncalled witness was present at critical time]). Furthermore, defendant's girlfriend's testimony would not have been cumulative to his own testimony. Defendant essentially presented an alibi defense without any alibi witnesses, and the credibility of his testimony was at issue (*see People v Smith*, 240 AD2d 600 [2d Dept 1997], *lv denied* 90 NY2d 898 [1997]).

Defendant also asserts, for the first time on appeal, that his mother was not under his control for missing witness purposes because she had filed some sort of charge against defendant. While defense counsel made a reference to this charge, it was in a different context from the issue of control, and the court did not "expressly decide[ ]" (CPL 470.05 [2]) the particular issue raised on appeal (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). Accordingly, we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that the record supports the inference that defendant's mother, with whom defendant resided, was a presumably favorable witness. Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.