People v Osorio (2021 NY Slip Op 50139(U))

[*1]

People v Osorio (Silvino)

2021 NY Slip Op 50139(U) [70 Misc 3d 141(A)]

Decided on February 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

570729/17

The People of the State of New York,
Respondent,
against
Silvino Osorio, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Curtis Farber, J.), rendered October 26, 2017, convicting him, after a nonjury trial,
of attempted forcible touching (two counts) and sexual abuse in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Curtis Farber, J.), rendered October 26, 2017, affirmed.
The verdict convicting defendant of attempted forcible touching (two counts) (see
Penal Law §§ 110.00, 130.52) and third-degree sexual abuse (see
Penal Law § 130.55) was supported by legally sufficient evidence and was not against the
weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis
for disturbing the court's determination concerning credibility, including its resolution of alleged
inconsistencies in testimony. The trial court could rationally infer from the evidence that
defendant engaged in "sexual contact," as defined in Penal Law § 130.00[3]), when he
repeatedly thrust his groin into the victim's buttocks on the crowded subway train, while his erect
penis was visible through his pants. The element of intent to obtain sexual gratification can be
readily inferred, under all the circumstances, from defendant's conduct itself (see Matter of Traekwon I., 152 AD3d
431 [2017]; Matter of Xheenan N., 273 AD2d 50 [2000]). 
The court properly exercised its discretion in denying defendant's request for a missing
witness charge with respect to the victim's friend who was present during the incident. There is
no indication that the witness was under the People's control for purposes of a missing witness
charge (see People v Gonzalez, 68 NY2d 424, 428-429 [1986]; People v Broadhead, 36 AD3d
423, 424 [2007], lv denied 8 NY3d 919 [2007]; People v McLean, 17 AD3d 1150, 1150-1151 [2005], lv denied
5 NY3d 791 [2005]). Moreover, the witness did not possess relevant and material
information since the victim testified that her friend was "not near" her on the "crowded" subway
car, was "unaware of what was going on" and did not say "anything" to the police but only asked
"what happened?" Furthermore, her testimony would have been cumulative of the [*2]other evidence. In any event, any error in failing to give a missing
witness charge was harmless in the context of this nonjury trial and given the overwhelming
evidence of guilt (see People v Hall,
18 NY3d 122 [2011]; People v McFarlane, 189 AD2d 785 [1993]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 19, 2021