People v Chambers (2022 NY Slip Op 50509(U))

[*1]

People v Chambers (John)

2022 NY Slip Op 50509(U) [75 Misc 3d 134(A)]

Decided on June 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570409/17

The People of the State of New York,
Respondent, 
against
John Chambers, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Felicia A. Mennin, J.), rendered September 26, 2016, after a nonjury trial,
convicting him of attempted petit larceny and harassment in the second degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered September 26, 2016, affirmed.
The verdict convicting defendant of attempted petit larceny (see Penal Law
§§ 110.00, 155.25) and second-degree harassment (see Penal Law
§ 240.26[1]) was supported by legally sufficient evidence and was not against the weight of
the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for
disturbing the court's determinations concerning credibility. The evidence warranted the
conclusion that when defendant yelled and cursed at the victim (his wife), calling her his "bitch"
and stating that he "owned her" before "grabb[ing]" her neck, he did so with the intent to harass,
annoy and alarm (see People v
Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]). With respect
to the petit larceny conviction, the evidence showed that when defendant snatched the victim's
cell phone from her hand, refused to return it and subsequently lied to a police officer about
having the phone, he intended to "deprive" or "appropriate" by taking "control over the property"
(People v Jensen, 86 NY2d 248, 252 [1995]). 
The court properly exercised its discretion in denying defendant's request for a missing
witness charge for two uncalled witnesses, the son of both the victim and defendant (Sage) and a
co-tenant (Libby), both of whom were present in the apartment during the incident. There is no
indication that Sage was under the People's control for purposes of a missing witness charge
(see People v Gonzalez, 68 NY2d 424, 428-429 [1986]; People v Broadhead, 36 AD3d
423, 424 [2007], lv denied 8 NY3d 919 [2007]; People v McLean, 17 AD3d 1150, 1150-1151 [2005], lv denied
5 NY3d 791 [2005]). Indeed, since Sage "was a close relative of defendant as well as of the
victim, and since he refused to cooperate with the prosecutor, there was no reason to presume
that his testimony would be favorable to the People" (People v Mariano, 36 AD3d 504, 505 [2007], lv denied 18
NY3d 987 [2007]). With respect to Libby, defendant's contentions that she was under the control
of the People because of her landlord-tenant relationship with the victim [*2]and that she would be expected to testify favorably to the
prosecution are unpreserved (see People
v Blackledge, 129 AD3d 412 [2015], lv denied 26 NY3d 926 [2015]), and we
decline to review them in the interest of justice. To the extent that the limited record permits
review, we find that defendant failed to carry his burden of showing that Libby - who, like Sage,
was in her respective bedroom throughout the incident, which occurred in the living room - had
knowledge about a material issue and could be expected to testify favorably to the People.
In any event, any error in failing to give a missing witness charge was harmless in the
context of this nonjury trial and given the overwhelming evidence of guilt (see People v Hall, 18 NY3d 122
[2011]; People v McFarlane, 189 AD2d 785 [1993]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 22, 2022